[No. 17501.  Department Two.  July 31, 1923.]

NORTHERN BANK & TRUST COMPANY *et al., Appellants* v.
GERTRUDE M. HARMON *et al., Respondents.*[1]

WITNESSES (37)—COMPETENCY—TRANSACTION WITH PERSON SINCE
DECEASED—OFFICER OF CORPORATION. In a bank's action upon a note,
our statutes do not exclude evidence with respect to conversations
and transactions had with the president of the bank, since deceased.

BANKS AND BANKING (18)—OFFICERS—AUTHORITY—SETTLEMENT
OF DEBT DUE BANK. The president of a bank had authority to de-
mand and receive an automobile, upon which the bank had a chattel
mortgage given as security for a debt due to the bank, where it is
shown that he customarily had that authority given him in notes
so secured.

ACCORD AND SATISFACTION (2, 3)—FORM OF AGREEMENT—PART PAY-
MENT. Where there was a dispute as to the amount due on a note
in the hands of attorneys for collection, tender to and acceptance
by the attorneys of a sum certain, in full payment, constitutes an
accord and satisfaction.

Appeal from a judgment of the superior court for
King county, John F. Jurey, judge *pro tempore,* en-
tered July 23, 1921, upon findings in favor of the
defendants, dismissing an action upon a promissory
note, tried to the court.  Affirmed.

*Tennant & Twitchell,* for appellants.

*Guie & Halverstadt,* for respondents.

TOLMAN, J.—This action was brought by appellant,
as plaintiff, in his representative capacity to recover
upon a promissory note for $4,600, and interest, made
by respondent Gertrude M. Harmon, and payable to
the order of the Northern Bank & Trust Company.
The complaint alleges the insolvency of the payee of
the note; that its affairs are in the hands of appellant
as the then state bank commissioner for liquidation
purposes, and contains the usual allegations as to the

[1]Reported in 217 Pac. 8.

making, delivery and non-payment of the note. The answer denies liability on the part of respondent F. E. Harmon, admits the execution and delivery of the note by Gertrude M. Harmon, and pleads affirmatively that, at the time the debt was contracted, a chattel mortgage on an automobile worth in excess of the sum of $2,000 was given to secure the debt; that thereafter, at the request of the president of the bank, the automobile was surrendered to him for the bank, upon the agreement that it should be sold and the value, $2,000, applied towards the payment of the debt; that the bank received the automobile and the proceeds of its sale, but failed to give credit therefor. Other payments are pleaded, and also that, after the note was placed for collection in the hands of the attorneys who first appeared for the plaintiff in bringing this action, the sum of $2,034.93, being the balance then due if the claimed credits are allowed, was paid to the plaintiff's then attorneys as a tender of full payment and satisfaction. It is further alleged that, though the money was received by the attorneys as a tender and retained by them, they thereafter instituted this action, caused a writ of garnishment to issue directed to them as garnishees, and have or will answer to the writ that they have in their possession such money as the money and property of Gertrude M. Harmon.

After a trial to the court on the merits, findings were made in accordance with the affirmative answers, and a judgment followed dismissing the action with prejudice, and awarding respondent Gertrude M. Harmon certain undisposed of collateral, from which judgment the plaintiff has appealed. The evidence upon which the trial court found that the automobile was surrendered under an agreement that $2,000 should be credited upon the debt was the testimony of F. E. Harmon

and another with respect to conversations and transactions had with the then president of the bank. It appears that this person had died prior to the trial; that the evidence was received over appellant's objections, and its reception is now assigned as error. A number of authorities from other states are cited in support of this contention, but as the statutes under which these decisions were made differ from our own, it would be profitless to discuss them. In *Beaston v. Portland Trust & Savings Bank,* 89 Wash. 627, 155 Pac. 162, Ann. Cas. 1917B 488, this court used language which is applicable here. In that case Judge Fullerton, speaking for the court, said:

"There are cases which maintain the rule that a stockholder has such an interest in a corporation as to disqualify him from testifying in behalf of the corporation in an action against the representatives of a deceased person, and cases, also, which maintain the converse of the rule, namely, that if the parties be living, one of them will not be permitted to testify to transactions with the other if the agent of that other, who conducted the transactions, be dead.

"This latter rule may support the contention of the respondents, but we think the cases upon which it is founded, for the greater part at least, rest upon statutes which can be differentiated from our own, and that they are contrary to the general trend of the cases even upon like statutes. Our statute, it will be observed, applies, in its terms, only in the case of the death of a natural person who is a principal in the contract. It makes no reference to corporations, or to agents of corporations, or even to agents of deceased natural persons, and to read into it this further exception would be, we believe, an unwarranted extension of its terms."

Appellant contends that this was pure dictum, since it was also held that the evidence was admissible because taken by deposition before the death. If this

was dictum when written, we are content now to give force and life to the language there used by adopting it here.

It is next urged that the president of the bank had no authority to bind the bank in the transaction, and, without special authority shown, he could accept nothing but money in settlement of a debt due the bank. If such be the general rule, there was sufficient in the surrounding circumstances to take this transaction from under its operation. The bank had a chattel mortgage on the automobile, and the conditions were such as to justify the president of the bank in demanding and receiving the automobile for the bank. In the note upon which suit was brought, renewal note though it be, appears the following:

"The President or any other office of said Northern Bank and Trust Company, is hereby given authority irrevocable, to sell the same, or any other securities or properties of the undersigned in the possession or care of said Company, for safe keeping or otherwise, on non-performance of this promise, or the non-payment of any of the demands aforesaid, and without notice of intention to sell, or of the time or place of sale, or of demand of payment of this note, or of any of the said demands, in such manner as such president or officer in his discretion may deem proper, either at public or private sale, and after deducting all legal or other costs and expenses for collection, sale and delivery, to apply the residue of the proceeds thereon."

If we may not presume that a like provision was contained in the original note, still it shows what authority was customarily given to the president of the bank, and indicates, with the other surrounding circumstances, that he was held out as having authority to do what the trial court found he did do.

But, in any event, the tender to the plaintiff's then attorneys of a sum certain as full payment of the debt,

the amount of which was in dispute, and the retention of the money, was sufficient to work an accord and satisfaction under the rule set forth in *LeDoux v. Seattle North Pac. Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006. The payment to the attorneys was a payment to their client, and their possession was his possession. If he or they retained the money, such retention was an acceptance of the tender, and if he was unwilling to accept the tender, the only alternative was to promptly return the money.

The judgment appealed from is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.