[No. 21030. Department One. May 1, 1928.]

MINNIE HALLENBECK, *Respondent*, v. R. E. LILLICO, *Defendant*, UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*.[1]

[1] LIMITATION OF ACTIONS (14, 20) — OFFICIAL BOND — FALSE ACKNOWLEDGMENT BY NOTARY. An action against the surety of a notary public for breach of duty in forging or making a wrongful acknowledgment, accrues when the false acknowledgment was made, and is barred when not commenced within three years thereafter or within two years after discovery thereof.

Appeal from a judgment of the superior court for King county, Kuykendall, J., entered August 29, 1927, upon findings in favor of the plaintiff, in an action for fraud, tried to the court. Reversed.

*Preston, Thorgrimson & Turner,* for appellant.
*Warren Hardy,* for respondent.

FRENCH, J.—This action was brought by respondent against the defendant Lillico, a notary public, and against the defendant United States Fidelity & Guaranty Company as surety on his notarial bond, to recover damages for an alleged false certificate of acknowledgment to a mortgage on real estate. The facts are not disputed, there being but two witnesses for the plaintiff and none for the defendant.

The record discloses that the defendant Lillico had, for many years, been maintaining an office in the city

¹Reported in 266 Pac. 730.

of Seattle, and for some ten years at least, prior to the date of the transaction in question, had from time to time sold certain mortgages to respondent, loaned money for her and been her business agent; that he had at all times collected the interest for respondent and had remitted it to her as collected; that on the 6th day of April, 1920, respondent went to the office of Lillico and he there presented to her what purported to be a note and mortgage signed by one Andrew Ableson; that such note and mortgage were dated the 6th day of April, 1920; that the mortgage purported to be properly acknowledged by Abelson before R. E. Lillico as a notary public, and that both the note and mortgage were payable to the order of respondent, but that they had, in fact, been prepared and signed by Lillico, the record being silent as to whether or not there was such a person as Abelson or any such property as was described in the mortgage; that respondent thereupon gave to Lillico the sum of $1,000; that the said mortgage was left with Lillico for the purpose of having the same recorded, and that thereafter Lillico made a fraudulent endorsement on the back of the mortgage showing that the same had been filed for record on the 6th day of April, 1920, at the request of R. E. Lillico and that it had been recorded in volume 644 of mortgages at page 724, of the records of King county, Washington, and that the said Lillico then and there forged the name of one Norman Wardell, auditor of King county, and F. A. Steele, one of his deputies, and thereafter returned it to respondent.

The record further shows that, from time to time as the interest payments came due, Lillico remitted the same to respondent. The record further shows that this note and mortgage became due April 6, 1923. Some time in March, 1923, the defendant Lillico disappeared, and in so far as the record discloses, his whereabouts

have been unknown ever since that time; however, the respondent made some inquiry concerning him and was informed that he was in a sanitarium, but in March, 1924, having heard some rumors, she became somewhat suspicious of the transaction and consulted an attorney. This action was commenced February 19, 1927.

[1] At the outset we are confronted by the first question raised by the appellant surety company, namely, the statute of limitations.

More than three years elapsed since the wrongful acknowledgment was made and more than two since the discovery thereof.

We have heretofore held that the six-year statute of limitations does not apply in an action of this kind. *Spokane County v. Prescott*, 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733.

The only cause of action stated against the surety here is based upon the wrongful official action of the notary public in making the alleged false certificate. Assume that, instead of making the purported false acknowledgment himself, Lillico had gone to John Smith, a notary public, and that the wrongful acknowledgment purported to be, and had actually been, made by John Smith, the cause of action against Lillico might have survived, because of the fraud which he perpetrated coupled with the concealment thereof; but the action against John Smith, the notary, and his surety is but an action for breach of duty, and this breach of duty occurred when the purported false acknowledgment was made. The representations made by Lillico that this loan was a good loan, his embezzlement of the money entrusted to him by respondent, and his forgery of the endorsement purporting to show the recording of the mortgage were no part of his duties as a notary public, and are not

matters for which his surety can be held liable. We think that, in actions against the official bonds of notaries, the cause of action accrues when the false or wrongful or mistaken acknowledgment is made, and whether covered by the two-year statute or the three-year statute, a matter which is not now necessary for us to decide, this action is barred. The cases which we have examined and which we think amply support our views are: *Constable v. Duke,* 144 Wash. 263, 257 Pac. 637; *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775; *Robinson v. Lewis County,* 141 Wash. 642, 252 Pac. 143, 256 Pac. 503; *Spokane County v. Prescott, supra; Skagit County v. American Bonding Co.,* 59 Wash. 1, 109 Pac. 197.

We hold that, in cases of malfeasance of a notary public, the cause of action against the surety accrues to the injured party at the time of the commission of the wrongful act.

The judgment is reversed, with instructions to dismiss.

PARKER, MITCHELL, and TOLMAN, JJ., concur.