[No. 23249. Department One. January 11, 1932.]

FRANK A. JONAS, *Appellant,* v. M. H. TAYLOR *et al., Respondents.*[1]

*Edward A. Davis,* for appellant.
*Karr & Gregory,* for respondents.

MITCHELL, J.—M. H. Taylor was chief of police of Pasco, and as such gave an official bond, with the

Fidelity and Casualty Company of New York as surety. This action was commenced during the life time of M. H. Taylor by Frank A. Jonas against Taylor and the surety on his official bond and against Eddie Mc-Cloud and Mrs. C. P. Smith. The amended complaint, on which the action was heard, sought to recover unliquidated damages for a tort alleged to have been committed by Taylor, McCloud and Mrs. Smith.

After the amended complaint was filed, Taylor died. The Fidelity and Casualty Company of New York answered the amended complaint, denied liability, and affirmatively pled the death of Taylor in abatement of the action, which latter allegation was not denied by the plaintiff. Thereupon a motion of the Fidelity and Casualty Company of New York for a judgment in its favor on the pleadings was granted, from which judgment the plaintiff has appealed.

We express no opinion as to whether there could have been any recovery in this action against the surety had the action been heard and disposed of prior to the death of the principal, Taylor. The question in the case is: Did the death of Taylor prior to trial abate the action as to him and the surety? In "additional authorities" and argument filed herein on behalf of the appellant subsequent to the oral argument, his counsel succinctly states his position by quoting from *Valley Fruit Co. v. United States Fidelity & Guaranty Co.*, 161 Wash. 166, 296 Pac. 557, as follows:

"Appellant concedes the general rule to be that, when the liability is so joint and several, a creditor has the undoubted right to proceed against the surety alone,"

of which counsel says:

"That is exactly the theory upon which this appeal is taken and that statement quoted with apparent approval of the court announces exactly the principle

which the respondent in this case does not concede and which the trial court did not recognize.''

■ In our opinion, however, that case and the quotation from it do not constitute authority in the present case. That was a suit against a surety arising out of contract to recover the purchase price of goods sold to the surety's principal, the bond being conditioned, as emphasized in the opinion, ''for the payment when due of the purchase price of produce purchased by him,'' the principal. The question of the abatement of an action was not involved in that case; here it is the controlling question. In this case, the surety's principal acquired no property, real or personal, by reason of the transaction or conduct complained of in the complaint. The action arises *ex delicto,* and dies, if one ever existed, with the person by whom the wrong was done.

The rule is that a pending action for unliquidated damages founded on the tort of a defendant, dies with the death of the defendant. *State ex rel. Baeder v. Blake,* 107 Wash. 294, 181 Pac. 685; *Bortle v. Osborne,* 155 Wash. 585, 285 Pac. 425. Not simply that the action cannot be prosecuted against the heirs and legal representatives of the deceased, but that the *action dies.*

■ In such a case, where the cause of action is dead as to the principal it cannot be alive as to the surety. Such holding is in harmony with the doctrine of our cases: *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661; *Dickman v. Strobach,* 26 Wash. 558, 67 Pac. 224; *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775; *Hallenbeck v. Lillico,* 147 Wash. 611, 266 Pac. 730, to the effect that such an official bond creates no obligation, but merely operates as collateral security.

Appellant lays stress on the terms of the bond that the principal and surety bind themselves *jointly and severally*. Those terms would be important in determining who is bound *if anyone*, but have nothing to do with the question as to whether there is any liability at all.

Judgment affirmed.

TOLMAN, C. J., BEELER, PARKER, and HERMAN, JJ., concur.

