[No. 28853. Department Two. December 16, 1942.]

MILES S. JOHNS *et al., Respondents,* v. BERT HAKE *et al., Appellants.*[1]

[1]Reported in 131 P. (2d) 933.

*Ballinger, Clark & Force,* for appellants.

*Preston, Thorgrimson, Turner, Horowitz & Stephan,* for respondents.

BEALS, J.—May 15, 1940, plaintiffs, Miles S. and Ruth N. Johns, were proceeding westward over Snoqualmie pass, and when a mile or so west of the summit, Mr. Johns, who was driving, saw approaching him a truck which was owned by Bert and Jane Doe Hake, and which was driven by their employee, F. J. Willis. As the Johns car approached the truck, the latter swung to its left across the center of the highway and onto Mr. John's side of the road, and apparently proceeded to adopt a course along that side of the straightaway along which Mr. Johns was proceeding. Mr. Johns slowed down a little, believing that the truck would correct its course and turn to its own side of the road, but the truck failing to do this, Mr. Johns drove onto the shoulder adjoining the road and against a heavy guard rail. As the truck turned a little toward its right, the vehicles did not collide.

At the instant Mr. Johns' car struck the guard rail, that car was parallel with the truck, a little past the center thereof. Johns testified that he sounded his horn just before the two vehicles passed each other. Mr. Johns testified that he was proceeding at forty to forty-five miles per hour, and that the truck was approaching at twenty-five miles per hour or a little less. The Johns car was damaged to the extent of $44.25, but Mrs. Johns suffered injuries, to recover for which, together with damages to the car, this action was instituted against Mr. and Mrs. Hake and F. J. Willis, the driver of the truck.

Soon after the accident, and before he was served with summons, Mr. Willis died.

By their amended answer, defendants denied the

material allegations of the complaint, and pleaded affirmatively, first, the death of Mr. Willis, upon which was based an allegation that the action had abated upon his death, and second, a plea of contributory negligence.

The issues having been completed, the action was tried to the court sitting without a jury, resulting in findings of fact and conclusions of law in plaintiffs' favor, followed by a judgment for $1,774.25, of which $1,600 was allowed on account of injuries received by Mrs. Johns, the remainder of the judgment being on account of doctor's bills, past and future, and damages to the automobile in the amount above set forth.

From this judgment, defendants have appealed, assigning error upon the making of five findings of fact and one conclusion of law. Error is also assigned upon the entry of judgment against appellants, and upon the denial of their motions for judgment in their favor as matter of law, or in the alternative for a new trial.

Mr. Willis, the driver, having died prior to the trial, appellants contend that upon his death the action abated, arguing that the action, being one at common law arising *ex delicto,* abated at the death of the person who actually committed the tort, any liability on the part of appellants depending solely upon the application to the facts of the rule of *respondeat superior.*

It was admitted that Mr. Willis was in appellant's employ and at the time of the accident was driving the truck on appellants' business.

█ It is well established in this state that "a pure action in tort for unliquidated damages is not maintainable against the administrator or executor of a deceased *tort-feasor." Bortle v. Osborne,* 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152; *Jones v. Matson,* 4 Wn. (2d) 659, 104 P. (2d) 591.

It is also true, as argued by appellants, that a master cannot be held liable to a third party for injuries inflicted by a servant, when the servant, by judgment or contract, has been released from responsibility, the liability of the master being derivative. *Gerritsen v. Seattle,* 164 Wash. 459, 2 P. (2d) 1092. In the case cited, the plaintiff sought damages for personal injuries which he alleged were received as the result of negligence of the defendants, city of Seattle and Seattle school district No. 1. Each defendant denied negligence, and the cause was tried to a jury, which returned a verdict in favor of the defendant school district and in favor of the plaintiff as against the city. On appeal by the city, it was held that it appeared that negligence on the part of the city could only be derived or imputed from the negligence of the school district, if any. It was accordingly held that the jury's verdict in favor of the school district exonerated the city, and the judgment appealed from was reversed and the action dismissed.

The court cited the early case of *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, which was an action for negligence against a railroad company and its employee. The jury returned a verdict in favor of the employee and against the railroad company. As the sole negligence proven was that of the employee, it was held that the jury's verdict in his favor exonerated his employer, it being only by reason of the employee's negligence, if any, that the employer could be held liable to the plaintiff.

Such cases as these, in which the defendant whose negligence caused the injury was, after a trial, exonerated by the trier of the facts, are not in point here, as the individual whose negligence was alleged to have caused the injury had been exonerated by judgment. Under such circumstances, a judgment against a de-

fendant whose liability is derivative or based upon the rule of *respondeat superior* cannot be sustained. It has never been determined by any judicial tribunal that Mr. Willis, in driving appellants' truck as he did, was not negligent.

Appellants strongly rely upon the case of *Jonas v. Taylor*, 166 Wash. 302, 6 P. (2d) 615, which was a tort action against a sheriff and the surety upon his official bond. After the action had been commenced, the sheriff died, his surety pleading his death and abatement of the action. The trial court granted this motion, and from a judgment of dismissal plaintiff appealed. This court affirmed the judgment, holding that, as the action arose *ex delicto*, and as the sheriff's official bond created "no obligation but merely operates as collateral security," the action abated upon the death of the sheriff.

Here, a different rule applies. A master and his servant are jointly and severally liable for the negligent acts of the servant in the course of his employment. The act of the servant is the act of the master. One damaged by an act of the servant may sue both the master and the servant, or he may sue either separately.

In the case of *Bortle v. Osborne, supra,* cited by appellants, an action for death by wrongful act, it was noted that, as against a partnership, the death of one partner did not abate the action against the surviving partner, "for the reason that the members of the firm are jointly and severally liable."

The cases of *Lee v. Deasy*, 19 Cal. App. (2d) 667, 66 P. (2d) 175; *Smith v. Republic Underwriters*, 152 Kan. 305, 103 P. (2d) 858; and *National Automobile Ins. Co. v. Cunningham*, 41 Cal. App. 828, 107 P. (2d) 643, support our conclusion that this action did not abate upon the death of Mr. Willis.

■ Appellants next contend that the trial court erred in permitting respondent Miles S. Johns to testify concerning the circumstances of the accident. Mrs. Johns did not see appellants' truck approaching, and did not testify concerning that matter. Appellants argue that the trial court erred in overruling their objection to Mr. Johns' testimony on this phase of the case, appellants contending that the witness's testimony concerned a transaction with a deceased person, and that under Rem. Rev. Stat., § 1211 [P. C. § 7722], was inadmissible. Section 1211 reads in part as follows:

"No person offered as a witness shall be excluded from giving evidence by reason of his interest in the event of the action, as a party thereto or otherwise, but such interest may be shown to affect his credibility: Provided, however, that in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him, or in his presence, by any such deceased."

In the case of *Maciejczak v. Bartell,* 187 Wash. 113, 60 P. (2d) 31, we held that, when applicable to the facts, the statute should be applied in tort actions as well as those based upon contract. In the case cited, it was held that the statute barred certain defendants to the action from testifying concerning a physical struggle between them and a deceased person, whose personal representative was the plaintiff, seeking to recover damages based in part upon a beating which it was alleged the defendants had administered to the deceased. It was held that a physical contest with the deceased constituted a transaction with him, and that, in so far as the action was brought by the admin-

istratrix of the estate of the deceased for the purpose of recovering damages which would inure to the benefit of the estate, the adverse parties were barred by the statute from testifying, but that their testimony was admissible in connection with a cause of action brought by the administratrix in which any damages which might be recovered would inure not to the benefit of the estate but to the widow personally.

In the course of the opinion, many authorities from other jurisdictions were cited, some of which apparently support appellants' contention that the testimony introduced by respondents should not have been received. These authorities were appropriate to the question then under discussion, which was whether the statute applied to a tort action, but a study of the statutes upon which the cases from other jurisdictions were based discloses that the statutes of such foreign jurisdictions differ from the statute of this state, above quoted.

A physical contest between two persons, at least under most circumstances, would doubtless constitute a "transaction" between them. Whether or not a collision between two automobiles, or a near collision such as is disclosed by the record in the case at bar, would be held to be a transaction between the drivers of the vehicles, need not here be determined. No personal representative of any deceased person is a party to this action, nor are appellants defending the action "as deriving right or title by, through, or from any deceased person."

In support of their contention that their objection to Mr. Johns' testimony, for the reason that the same was barred by the statute above quoted, should have been sustained, appellants cite no authority save the *Maciejczak* case, which is manifestly not controlling here.

■. Appellants next contend that there is a presumption that the deceased driver, Willis, was acting with due care, and that, as the sole evidence introduced by respondents concerning the accident was given by respondents themselves, who are interested witnesses, it should be held as matter of law that the presumption referred to was not overcome by the testimony of interested witnesses. Whether or not the rule should apply in such a case as this, where the deceased person, while named as a party defendant, died before being served with summons or appearing in the action, and was not represented in the cause by an administrator or executor, it would seem that the rule relied upon by appellants could go no further than to require that the cause be submitted to the trier of the facts upon the question of negligence for determination. Clearly, respondents' evidence showed negligence on the part of Willis. Respondents, however, have not contended that it should be held as a matter of law that Willis was negligent; they merely contend that the findings of the trial court to the effect that, from the record before that court, it appeared that Willis was guilty of negligent driving, should be affirmed.

The case was properly submitted to the trial court for determination, and appellants were not entitled to judgment in their favor as matter of law.

■ Appellants also argue that the trial court erred in not finding that respondents had been guilty of contributory negligence. The record does not disclose a state of facts requiring as matter of law a holding that respondents were guilty of contributory negligence, and the evidence does not proponderate against the court's conclusion that respondents were not guilty of contributory negligence.

■ Finally, appellants vigorously contend that

the award to respondents of $1,600 for injuries suffered by respondent Ruth N. Johns as the result of the accident is excessive. In this connection, the trial court originally indicated that he would allow two thousand dollars by way of damages on account of Mrs. Johns' injuries, but after further consideration, this amount was reduced by four hundred dollars.

The evidence shows that Mrs. Johns was forty-eight years of age; that the sudden stopping of the car and its striking against the guard rail injured her back; that she suffered nervous shock from the accident and for two days thereafter was unable to retain any food; that she was confined to her bed for two days, and for a week or more thereafter was able to be up only part of the time; that her nervousness still persisted at the time of the trial.

Mrs. Johns also testified that she injured her right leg, the injury causing a severe swelling, and that up to the time of trial, her ankle would still swell and give her pain. It also appears that after the accident she suffered from varicose veins in one of her legs. A physician who had examined Mrs. Johns at appellants' request testified, as did Mrs. Johns' physician. Mrs. Johns has suffered from varicose veins prior to the accident, but it appears that this condition was aggravated by injury received in the accident.

It cannot be held that the award of $1,600 as made by the trial court on account of Mrs. Johns' injury is so excessive as to require either that the award be reduced or a new trial granted.

The judgment appealed from is affirmed.

Robinson, C. J., Blake, and Simpson, JJ., concur.