**Charles J. FRIDAY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3121.**

United States District Court
D. Idaho, S. D.
Jan. 9, 1956.

**CLARK, Chief Judge.**

This is an action brought by the plaintiff under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The plaintiff allegedly was injured in a three-car collision in which one Francis E. Fennerty, driving a vehicle belonging to the United States, drove this said vehicle into the rear of a car driven by one Ralph Lacy propelling the latter's vehicle across the highway center line into the path of this plaintiff's auto, causing them to collide.

The defendant has pleaded a release executed by the plaintiff herein and his wife to Francis E. Fennerty, the employee of the defendant, whereby the plaintiff duly released the said Francis E. Fennerty from any claims. The plaintiff in response to requests for admission admits the execution of the release for a valuable consideration. Upon these admissions and the pleadings herein, the defendant moved for summary judgment. The Court has fully considered the same together with briefs and oral argument. There is no material dispute as to the facts.

The plaintiff contends that in addition to the negligence of Fennerty, Fennerty's immediate superior, one S. W. West, was negligent in directing Fennerty to drive this vehicle to a place near Caldwell, Idaho, and work there the night of October 29, 1953, and to return to Boise without allowing the said Fennerty to obtain sufficient sleep or rest.

The act of the supervising officer was certainly not a proximate cause of the accident in question. Further this act, being discretionary, would come within the classification of suits prohibited by the statute. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

The only person's acts then, through which the United States could be held liable, are the acts of Fennerty. The release particularly releases Fennerty but states that it "shall not inure to the benefit of any other tortfeasor, upon whom and against whom a liability may be predicated by reason of independent neg-

---

Theron E. Roberts, Boise, Idaho, for plaintiff.

Sherman F. Furey, Jr., U. S. Atty., John T. Hawley, Marion J. Callister, Asst. U. S. Attys., Boise, Idaho, for defendant.

**240**

ligence of, act by, or liability on the part of said other tortfeasor or tortfeasors."

The law puts master and servant relations in the position to be held as joint tortfeasors in situations such as this, not independent tortfeasors, and therefore the Government, as the employer in this case, has been fully released by the release on file herein. The release to the servant necessarily releases the employer. U. S. v. First Security Bank of Utah, 10 Cir., 208 F.2d 424, 42 A.L.R. 2d 951; Johns v. Hake, 15 Wash.2d 651, 131 P.2d 933.

For these reasons the motion for summary judgment should be granted. Counsel for defendant may prepare and submit judgment.