[No. 34180.   Department One.   October 24, 1957.]

DONALD R. LINCOLN, *Respondent*, v. MABEL B. KEENE, *Appellant*.[1]

*Sherwood & Forrest* and *Olson & Olson*, for appellant.

*Livesey, Kingsbury & Livesey* and *Croson, Johnson & Wheelon*, for respondent.

[1]Reported in 316 P. (2d) 899.

Отт, J.—Wendell Scott offered his Washington Motel in Bellingham for sale. Mabel B. Keene, a prospective purchaser, inspected the property and discussed its earnings with him. Her offer to purchase it for $110,000 was not accepted. Donald R. Lincoln purchased the motel and took possession February 15, 1955. After operating it for a short time, he listed it for sale with the Western Motels agency. As to the prior income of the motel, the listing agreement contained only that for the year 1954, which was $22,345.

Charles Engel, a representative of the agency who had shown Mrs. Keene other motels, contacted her and informed her that the Washington Motel was now for sale and could be purchased for $110,000. March 27, 1955, Mrs. Keene signed an earnest-money agreement, in which she agreed to purchase the motel for $110,000, provided that she received a credit of $18,500 for her King county residence property. April 15th, a real-estate contract was executed in which both properties were reduced in value by $5,000. Mrs. Keene, accordingly, was allowed a credit of $13,500 for her property, and the $91,500 balance of the purchase price of the motel was to be paid by Mrs. Keene in monthly installments.

She took possession of the motel May 15, 1955, and operated it continuously until the appointment of a receiver, May 2, 1956. Donald R. Lincoln, after giving notice of forfeiture for failure to make the specified monthly payments, commenced this action seeking a forfeiture and cancellation of the contract. Mabel Keene answered, denying default, and cross-complained for a rescission of the contract, alleging that she had been defrauded by certain representations made by the agent, Engel, relative to the income of the motel. Plaintiff denied the allegations of the cross-complaint and pleaded several affirmative defenses with reference thereto.

The cause was tried to the court. Mrs. Keene testified that the plaintiff, Lincoln, was represented by the real-estate agent, Charles Engel; that he stated to her that the motel grossed more than $22,000 yearly, and that, if it did not,

" 'you can ask for your money back.' " Charles Engel denied that he had represented the income of the property to be for any year other than that for 1954, and stated that he had told Mrs. Keene that, if the statement in the listing was incorrect, she could recover in damages. It was stipulated that the 1954 gross income was in excess of $22,000.

The trial court concluded that fraud had not been proved, denied the relief prayed for in defendant's cross-complaint, and granted to the plaintiff a forfeiture and cancellation of the contract.

The defendant and cross-complainant appeals from the judgment of the court, assigning as error the entry of the findings of fact that fraud had not been established, and the conclusion of law which followed the alleged erroneous findings.

Appellant and her daughter, who assisted the appellant throughout the negotiations, were the only witnesses who testified to the alleged fraudulent representations. In many respects, their testimony with reference thereto was not corroborative. The agent, Engel, denied that the alleged representations were made. The record further discloses that the appellant, after an independent investigation as to the motel's earnings, had offered to purchase the property for the same price some six months previously.

Fraud must be proved by clear, cogent, and convincing evidence. *Miller v. Tietz Constr. Co.*, 46 Wn. (2d) 180, 182, 279 P. (2d) 641, 283 P. (2d) 677 (1955). Our examination of the record convinces us that the evidence does not preponderate against the trial court's findings.

The record indicates that, because of extensive industrial expansion and highway construction in the area, motels generally experienced increased patronage in the year 1954 over prior years. Appellant contends that Engel's failure to disclose earnings of the motel for other prior years was a concealment constituting fraud.

The applicable general rules with reference to fraud by concealment are:

■ (1) Mere silence does not constitute fraud when it relates to matters equally open to common observation or visible to the eye, or where they are discoverable by the exercise of ordinary diligence, or where the means of information are as accessible to one party as to the other. 23 Am. Jur. 863, § 84; *Jordan v. Corbin Coals, Ltd.*, 162 Wash. 503, 509, 298 Pac. 712 (1931). See, also, *Oates v. Taylor*, 31 Wn. (2d) 898, 199 P. (2d) 924 (1948).

■ (2) Where inquiry is made, one owes a duty to answer truthfully. 37 C. J. S. 247, § 16. See, also, *Goodin v. Palace Store Co.*, 164 Wash. 625, 4 P. (2d) 493 (1931).

■ (3) If the circumstances surrounding the contract impose a duty upon one of the parties to disclose all material facts known to him and not known to the other, want of disclosure with intent to deceive will amount to fraud. *Oates v. Taylor, supra.*

Applying these general rules to the facts in the instant case, (1) the respondent, Lincoln, had operated the motel for a period of only three months. Information concerning its prior earning capacity would have to be obtained from the former owner. Such information, as well as the effect of the construction work upon motel income, was equally accessible to the parties. (2) The trial court found that the only representation concerning the motel's income was for the year 1954, and that the representation with reference thereto was true. (3) The record does not disclose that respondent had knowledge of material facts which he failed to reveal.

Ordinarily, a duty to speak arises only out of a trust or fiduciary relationship between the parties. *Oates v. Taylor, supra*, p. 903. The circumstances here were not such as would impose a duty to volunteer information concerning previous income of the motel. The parties were dealing at arm's length, and each was attempting to dispose of his property advantageously. We conclude that appellant did not establish fraud by concealment.

■ Finally, any statement by Engel as to what appellant's future income from the motel would be, if such were

made, was a matter of opinion and cannot be the basis of an action for fraud. *Jewell v. Shell Oil Co.*, 172 Wash. 603, 609, 21 P. (2d) 243 (1933).

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.