**Roy Gene FRANTOM, Appellant,**

**v.**

**Ida M. NEAL, Individually, and as Ind. Ex. and Guardian, Appellee.**

**No. 16902.**

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1968.

Rehearing Denied April 12, 1968.

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellant.

Mock & Denbow, and C. Coit Mock, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Judge.

Edith Neal Burks died as the result of an automobile collision. Surviving her were a son and daughter, Royce Lee Burks and Joyce Neal Burks, and her parents, Ida M. Neal and Robert S. Neal. The deceased lived for a period following the collision, and expenses were incurred for hospitalization and treatment as well as those for her funeral.

The collision took place at night in April of 1964. Edith Neal Burks was driving an automobile in one direction on a highway. Tommie Edward McIlvain was driving an automobile in the opposite direction, and by use of a tow-chain was pulling an automobile occupied by Roy Gene Frantom. The occasion therefor was pursuant to arrangements made between McIlvain and Frantom, hereinafter noted. As the proximate result of McIlvain's negligence, undisputed for purposes of this case, occurred the collision causing the fatal injuries of Edith Neal Burks. In various capacities, representative of the interests of all who could become plaintiffs prosecuting causes of action against McIlvain and Frantom, Ida M. Neal sued Frantom, the only defendant at time of trial.

Based upon a jury verdict judgment was rendered against defendant and in favor of plaintiffs, as follows: $6,000.00 to Ida M. Neal, as Guardian of the Estate of Royce Lee Burks, for his use and benefit; $7,500.00 to Ida M. Neal, as Guardian of the Estate of Joyce Neal Burks, for her use and benefit; $2,000.00 to Ida M. Neal, individually; $750.00 to Ida M. Neal, for the use and benefit of the Estate of Robert S. Neal (he having become deceased before time of trial); and $13,957.57 to Ida M. Neal, as Independent Executrix of the Estate of Edith Neal Burks, deceased.

Defendant Roy Gene Frantom appealed.

Affirmed.

By answers returned to a series of special issues the jury found independent personal negligence on the part of the defendant, who had been riding in and guiding the towed automobile. The finding was that he failed to apply his brakes just prior to the collision between the McIlvain and Burks vehicles, and that such failure was negligence and a proximate cause of the collision. In our opinion Frantom's failure to apply brakes would not constitute negligence, but in any event —and assuming such failure to have constituted negligence—it did not amount to a proximate cause of the collision. In this state, a finding of "proximate cause" cannot be sustained unless there is proof of cause in fact and foreseeability. Enloe v. Barfield, 422 S.W.2d 905, 908 (Tex.Sup. 1968) and cases cited. Neither element exists in this case.

Hence the judgment in the case could not rest upon the independent liability of the defendant, but only upon vicarious liability derivative because of the defendant's relationship with Tommie Edward McIlvain. Already noted was the fact that presence of McIlvain's negligence, amounting to proximate cause of the collision, is not a matter in dispute.

In answer to Special Issue No. 14 the jury found that at the time and on the occasion in question McIlvain was an employee of the defendant. In connection with said issue the jury was instructed that the term " 'employee' means a person in the service of another under contract of hire, express or implied, oral or written, whereby the employer retains the right of control in directing, not merely the end sought to be accomplished but also the means and details of its accomplishment —not merely what shall be done, but how it shall be done. It is not necessary that a wage or salary shall be paid to the employee by the employer, but it is sufficient if a right to be reimbursed for such services shall have been retained by the employee."

By answer returned to special issue conditionally submitted on the foregoing the jury found that at the time and on the occasion in question McIlvain was acting in the course of his employment for the defendant.

Special Issue No. 16 inquired of the jury whether at the time and on the occasion in question McIlvain was an agent for the defendant. The jury, by negative answer returned, refused to find "agency". In connection with the issue submitted the jury was instructed that the term " 'agent' means one acting on behalf of another, by reason of an express or implied agreement and where one is authorized to act for the other party, being subject to the other's control."

Special Issue No. 18 inquired of the jury whether at the time and on the occasion in question McIlvain and the defendant were engaged in a joint enterprise. The jury, by negative answer returned, refused to find "joint enterprise". In connection with the issue submitted the jury was instructed that the term " 'Joint Enterprise' means that the parties are engaged on a joint expedition where they have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the motor vehicles involved."

■ We have examined the entire record. Without discussion we will state our holding that the findings of the jury that McIlvain was the defendant's employee and at the time and on the occasion in question was acting in the course of his employment was supported by the evidence in the case and was not against the greater weight and preponderance of the testimony.

We will discuss the matter of alleged error in connection with the submission of the issues. In appellant's brief the question is stated thus:

## "POINT SIX

"The findings of the jury to Special Issues Nos. 14 and 15 that McIlvain was an employee of Frantom acting in the course of his employment are in irreconcilable conflict with the finding of the jury to Special Issue No. 16 that McIlvain was not an agent of Roy Gene Frantom, and also with the finding to Special Issue No. 18 that McIlvain and Frantom were not engaged on a joint enterprise, such findings to Special Issues Nos. 14 and 15 having the effect of finding that Frantom had the right of control over McIlvain, and the finding to Special Issues Nos. 16 and 18 having the effect of finding that Frantom did not have the right of control over McIlvain."

## "POINT SEVEN

"The court erred in submitting, over Appellant's objections, three series of issues, one having to do with relationship of employer and employee, one having to do with principal and agency, and one having to do with joint enterprise, such three different sets being the submission of various shades of the matter of right of control and inviting conflicting issues."

Defendant points out the objection made to the submission of the three series of special issues. Therein he stated that such amounted merely to various shades of plaintiffs' contention and theory, and that in view of the manner in which the issues were submitted and framed and definitions applying thereto, conflicting answers were invited and would undoubtedly result. He suggested in his objection that the court submit only one instance or inquiry with reference to control or right of control.

■ On the question of conflict we have tested the answers referred to and reached the conclusion that there is no conflict. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949).

■ Even before the repeal of Texas Rules of Civil Procedure, rule 278 the fact that special issues were multifarious or duplicitous did not constitute ground for reversal except where it affirmatively appeared that the complaining party was thereby prejudiced. Nothing in the objection of the plaintiff pointed out to the court any legal basis for reversible error. Plaintiff does not demonstrate prejudice in his brief. We have already stated our opinion that there was no conflict in the jury's answers which would impair the judgment. Reversible error is not shown.

■ Defendant has denied the right of the trial court to render any judgment against him. Basis of the contention lies in the fact that the cause of action by plaintiffs growing out of the collision, to-wit: that against McIlvain, had been disposed of prior to trial of the suit against defendant Frantom. The defendant claims he was thereby freed of liability.

On November 22, 1966, prior to the trial from which this appeal was taken, Ida M. Neal, in her capacity as Independent Executrix of the Estate of Edith Neal Burks, deceased, took a non-suit against Tommie Edward McIlvain. The trial court entered an order granting the non-suit. Prior to such date all those who are plaintiffs in the instant case (by and through Ida M. Neal) had been prosecuting this same action against McIlvain as well as the defendant. On said date the trial court approved an agreement and covenant not to sue McIlvain on said action, parties thereto being McIlvain and all plaintiffs

other than Ida M. Neal in the capacity in which she took the non-suit. The trial court's approval was in form of a "judgment", though it embodied recitation to the effect that the parties' "Agreement and Covenant Not to Sue" was presented and by the court approved.

The record does not include the "Agreement and Covenant Not to Sue". It does not appear that the defendant sought to have it made a part of the record. It was before the trial court, however, and was by the court treated as a proper covenant not to sue rather than as a release. We believe we are bound to regard it as having been of that character in the absence of any demonstration to the contrary by the defendant. It follows that defendant can claim no benefit because thereof other than by way of a credit allowed in the judgment rendered against him to the extent of the amount received by interested plaintiffs from McIlvain. Even though allowed such credit would not affect the judgment which plaintiffs obtained against the defendant.

Other of the defendant's points of error relate to the matter of contribution. On the theory of the applicability of the principles of law stated by the Supreme Court in Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764 (Tex.Sup.1964), the trial court rendered judgment in amounts equaling exactly one-half the findings of the jury in answers to special issues on damages—except as applied to the nonsuited (against McIlvain) action of Ida M. Neal in her capacity as Independent Executrix of the Estate of Edith Neal Burks, deceased. In other words the trial court proceeded on the theory that McIlvain and the defendant were joint tort-feasors, jointly and severally responsible in damages for all the damages, and since under the "Agreement and Covenant Not to Sue" there had been disposition as by settlement insofar as claim therefor existed against McIlvain (by some of the plaintiffs) recovery by those plaintiffs should be reduced by way of crediting to the benefit of defendant one-half of the amounts of damages found by the jury.

We are of the opinion that the principles of law written upon in Palestine Contractors, Inc. v. Perkins are without application in this case. Where circumstances exist which give rise to the right of indemnity the right of contribution does not exist. In this case we have held that plaintiffs' right of recovery against the defendant was in no sense because of the negligence of the defendant— of himself or directed by himself—but rather was only supported under the doctrine of *respondeat superior* because of the master-servant relation between him and Tommie Edward McIlvain, the tort-feasor primarily liable. One compelled to pay damages on account of the negligent or tortious act of another has a right of action against the latter for full indemnity unless barred by the nature of his own conduct. Defendant is not barred in this instance. 42 C.J.S. Indemnity § 21, p. 596, "Indemnity from Another's Wrong"; 18 Am.Jur. 2d p. 55, "Contribution", § 39, "Liability for another's act; primary and secondary liability as between tortfeasors"; Harper & James, The Law of Torts, pp. 723–725, "Contribution of Joint Tort-Feasors", § 10.2, "Contribution and indemnity"; Prosser on Torts, 3rd Ed., p. 276, "Joint tortfeasors", § 47, "Contribution", and p. 279, § 48, "Indemnity"; Restatement of the Law, p. 392, "Restitution", § 87, "Vicarious Liability"; 13 Tex.Jur.2d, p. 701, "Contribution", § 13, "Where right to indemnity exists"; 21 Tex.Digest Indemnity ⊙13(1), "Right of one compelled to pay to indemnity from person primarily liable"; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089 (1908); Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824, 829 (1936).

The defendant's pleadings did pray for indemnity as against Tommie Edward McIlvain. To be noted from the court's docket sheet is the fact that there was no answer or appearance by McIlvain

to the defendant's third party complaint for indemnity. Under these circumstances the defendant's right of indemnity must depend upon the validity of the citation served upon McIlvain. The citation did not command McIlvain to appear and file a written answer to the third party action or third party petition within the time prescribed by law. It merely commanded McIlvain to file an answer to "Second Amended Original Answer and Third Party" and the language does not command him to do anything at all as to a specific pleading. It does not tell him who the "Third Party" is. Though called as a witness by others, McIlvain never appeared as a litigant conducting trial and never announced thereupon. We do not believe that the court erred in denying a judgment of indemnity to the defendant as against McIlvain.

Those of the points of error of defendant-appellant which we sustain are covered in our discussion. Though sustained the judgment is nevertheless proper as reversible error does not appear. Other points of error have been considered but are severally overruled. The plaintiffs-appellees presented no cross-points, being satisfied with the judgment.

Judgment is affirmed.