**M. M. SPRADLEY and Ruth Spradley, Appellants,**

v.

**Rayford McCRACKIN, d/b/a Rayford's Garage and Body Shop, Appellee.**

**No. 730.**

Court of Civil Appeals of Texas, Tyler.

Feb. 7, 1974.

Rehearing Denied March 7, 1974.

James E. Brown, Dallas, for appellants.

Gordon Wellborn & Rex Houston, Rex Houston, Henderson, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment appeal. The suit was brought by the appellants, M. M. Spradley and Ruth Spradley, for injuries received in an automobile collision which occurred in Smith County, Texas. The collision took place between an automobile occupied by appellants and a truck driven by Horace Henry, who was an employee of Rayford McCrackin, d/b/a Rayford's Garage and Body Shop, in the course and scope of his employment at the time of the collision. Before any lawsuit was ever instituted, appellants executed a general release for and in consideration of the payment of $18,000.00. The release was sought after and obtained by the insurance carrier for Horace Henry.

Later, appellants brought suit against McCrackin, appellee, for damages received in the same collision. McCrackin answered but plead as a special defense that the appellants' suit could not be maintained against him because appellants had released their cause of action. Appellee then filed a motion for summary judgment which was later granted by the trial court. This appeal is brought from that action.

■ The controlling question for us to determine, as in any summary judgment case, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Harrington v. Young Men's Christian Association of Houston and Harris County, 452 S.W.2d 423 (Tex.Sup.1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion. The affiant must have personal knowledge of statements depended upon to raise a fact issue and must be competent to testify as to the subject matter of the statement. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962); Rule 166–A(e), Texas Rules of Civil Procedure. In addition, the affidavit must be so worded that the statements made therein would be admissible in evidence if the witness attempted to so testify at a trial of the cause. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958); Montez v. Bailey County Electric Co-Operative, 397 S.W.2d 108 (Tex.Civ.App., Amarillo, 1965, writ ref'd n. r. e.); Gaston v. Copeland, 335 S.W.2d 406 (Tex.Civ. App., Amarillo, 1960, writ ref'd n. r. e.). The facts stated in the affidavit of the opponent of a motion for summary judgment, like the movant's affidavit, must be so worded that if the testimony was given from the stand during trial, it would be admissible. Affidavits consisting of mere conclusions of law or fact or based on hearsay and which do not affirmatively show that the affiant has personal knowledge of the facts therein recited, are insufficient to prevent the granting of a motion for summary judgment. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961); Statham v. City of Tyler, 257 S.W.2d 742, 745 (Tex.Civ.App., Texarkana, 1953, writ ref'd n. r. e.); Sparkman v. McWhirter, 263 S. W.2d 832 (Tex.Civ.App., Dallas, 1953, writ ref'd); Keahey v. Dallas Teachers Credit Union, 374 S.W.2d 450 (Tex.Civ.App., Tyler, 1964, n. w. h.).

The question on appeal concerns whether the language of the release executed by the appellants to the appellee's employee was sufficiently broad so as to include the appellee as one of those persons released; if not, did the fact that the employee was released have the effect of releasing the cause of action against his employer and thus bar any further action against McCracken and his business, Rayford's Garage and Body Shop. The pertinent lan-

guage of the release in question is as follows:

"That we, Moses M. Spradley and Ruth G. Spradley, husband and wife * * * for the sole consideration of Eighteen Thousand * * * Dollars ($18,000.00) to us in hand paid * * * have remised, released, and forever discharged and by these presents do, severally and jointly, for ourselves and for our heirs, executors, administrators, and assigns, do hereby remise, release, and forever discharge Horace Henry—Marshall, Texas, and his, her, their, and its successors and assigns, and each of their heirs, executors, and administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 20th day of March, 1971, for which we have claimed the said Horace Henry, Marshall, Texas, to be legally liable, which liability is hereby expressly denied."

Briefly, the appellants' main argument is that the recent Supreme Court case of McMillen v. Klingensmith, 467 S.W.2d 193 (Tex.Sup.1971) changes Texas law so that now unless a party is named in a release, he is not released. Appellee agrees with this case but distinguishes it because it dealt with joint tort feasors and not with the legal fiction of respondeat superior. Also appellee points out that the release is meaningless unless the suit is barred against the employer. Otherwise, if the appellant gets a judgment from the employer then the employer will be able to recover over from the employee due to his rights of indemnity.

The great weight of authority applied in other jurisdictions is that a valid release of the servant from liability for a tort committed by the servant operates to release the master. Serr v. Biwabik Con-

crete Aggregate Co., 202 Minn. 165, 278 N.W. 355 (1938); Downer v. Southern Union Gas Co., 53 N.M. 354, 208 P.2d 815 (1949); Losito v. Cruse, 136 Ohio St. 183, 24 N.E.2d 705 (1940); Barsh v. Mullins, 338 P.2d 845, Okl. (1959); Federal Land Bank v. Burchfield, 173 Va. 200, 3 S.E.2d 405 (1939); Johns v. Hake, 15 Wash.2d 651, 131 P.2d 933 (1942). We think this rule of law is applicable to the case at bar.

In 76 C.J.S. Release § 50b, p. 689 we find this statement:

"In a situation where several persons are not actively joint tort-feasors, but one person commits the tort and is primarily liable while the liability of the other person is derivative or secondary, *as where it arises under the doctrine of respondeat superior, the releasor's acceptance of satisfaction from one, discharges the other as well, as in the case of master and servant or principal and agent*; and it has been held that this is true despite an attempted reservation of rights against the person secondarily liable, since if the rule were otherwise, such person would be liable without having recourse against the person primarily liable, the latter having been released, * * *." (Emphasis added.) Also see 53 Am.Jur.2d sec. 409, p. 416; Hunt v. Ziegler, 271 S.W. 936 (Tex.Civ.App., San Antonio, 1925), affirmed, 280 S.W. 546 (Tex.Sup.).

Even if appellee's employee, Horace Henry, was the only person released by the signing of this release, appellee cannot be sued on the theory of respondeat superior because the basis of such a cause of action against the employer is dependent upon an existing valid cause of action against the appellee. If this court should construe the release as urged by appellants, this would in effect hold the release of Horace Henry null and void since Henry would be held liable for any recovery made against the employer through right of indemnity. Frantom v. Neal, 426 S.W.2d 268, 272 (Tex.Civ.App., Fort Worth, 1968, writ ref'd n. r. e.); Sade v. Hemstrom, 205 Kan. 514, 471 P.2d 340, 348 (1970).

We believe McMillen v. Klingensmith, supra, is distinguishable in that the Supreme Court was dealing with joint and concurrent tort feasors and not legal fiction of respondeat superior. While in the instant case, we are dealing with master and servant where the liability is grounded solely upon the doctrine of respondeat superior and where the employer is not a joint or concurrent tort feasor. It should be noted that this case does not call for an expression of an opinion on, nor do we attempt to determine, what the outcome should be if the master were released to the exclusion of the servant.

It seems to be the established law that master and servant are not joint tort feasors. Marange v. Marshall, 402 S.W.2d 236 (Tex.Civ.App., Corpus Christi, 1966, writ ref'd n. r. e.) ; 53 Am.Jur.2d sec. 408, p. 416; Sade v. Hemstrom, supra.

For a good discussion of the effect of a release given to a servant on the liability of the master where the liability of the master is based on respondeat superior see Simpson v. Townsley, 283 F.2d 743 (10th Cir. 1960) and 92 A.L.R.2d 526.

Appellants by their second point of error attack the action of the trial court in striking the following portions of their affidavit filed for summary judgment purposes:

"After the wreck The Travelers Insurance Company who held themselves out to be the insurance carrier for Horace Henry, the driver of the truck, contacted us regarding settlement. They offered and we accepted Eighteen Thousand Dollars ($18,000.00) based on the proposition that this would settle our claim against Horace Henry. The Travelers Insurance Company always denied having any connection whatsoever with the Defendant, Rayford McCrackin, d/b/a Rayford's Garage and Body Shop."

The trial court's action was pursuant to appellee's motion to strike this portion of appellants' affidavit "for the reason that such pleading is completely immaterial and irrelevant to any issue in this case." Further the objectionable material is not a part of any pleadings in the case, and it contains hearsay matters "which could not be testified to under any theory of this suit." Also the appellee objected on the further ground that the objectionable portion of the affidavit "violates the parole evidence rule and could not be admissible in evidence because they attempt to vary the terms of a written instrument (the release) by prior or contemporaneous oral statements between the Spradleys and the Travelers Insurance Company"; that the appellee-defendant "has no privity with the Travelers Insurance Company, has no way of knowing what the representations were, and in addition * * * they are completely immaterial to any issue in our suit." There is no summary judgment proof that Travelers Insurance Company was the insurance carrier for the appellee Rayford McCrackin or Rayford's Garage and Body Shop.

In view of our reasoning in arriving at what we think is a proper disposition of this appeal, we deem the stricken portion of the affidavit to be immaterial and irrelevant to any issue in the case. If such action by the trial court should be error, under this record we determine it harmless. Rule 434, Texas Rules of Civil Procedure.

We believe the trial court correctly sustained appellee's motion to strike this portion of appellants' affidavit.

Our view of the question presented brings us to the conclusion that the summary judgment proof establishes, as a matter of law, that there was no genuine issue of material fact to be determined by the trier of the fact. Gibbs v. General Motors Corp., supra.

The judgment of the trial court is affirmed.