[No. 11492-5-II. Division Two. October 24, 1988.]

E. ROSS ROBINSON, ET AL, *Respondents*, v. NANCY MCREY-NOLDS, *as Personal Representative, Defendant,* VIRGIL ADAMS REAL ESTATE, INC., *Appellant.*

*Ernest L. Meyer,* for appellant.

*Richard L. Ditlevson* and *Ditlevson & Rodgers, P.S.,* for respondents.

WORSWICK, J.—A jury awarded Ross and Jeanne Robinson $29,000 on their Consumer Protection Act claim against Virgil Adams Real Estate, Inc. The claim was based on representations allegedly made by Adams's agent, John Drew, concerning commercial real estate that the Robinsons had purchased. The principal issue in Adams's appeal is whether sufficient evidence supported the jury's finding that Drew's representations constituted an unfair or deceptive practice in violation of the act. We affirm, holding the evidence sufficient. We also reject Adams's contentions that testimony about Drew's statements should have been excluded under the deadman's statute, that the verdict should have been reduced because of a settlement with Drew's estate, that settlement with and release of Drew's estate released Adams, and that Adams should have been allowed to pursue contribution against the estate in this action.

The Robinsons bought the commercial building in question in 1981 as an investment of their life savings. Drew, who represented the seller as an employee of Adams, gave

the Robinsons a computer printout detailing the projected return on the property over a 5–year period. Average monthly expenses were listed at $250 and monthly income at $1,065 during the first year. Annual net income was projected to climb from $9,397 to $13,753 over the 5–year period. Total after–tax proceeds on resale were stated as $75,902. Robinson also testified that Drew made oral representations that on resale the return on the $25,000 down payment would be around $80,000.

Eight months after the purchase, the Robinsons had paid out $5,000 for maintenance and operating expenses, and had not realized any net cash return. Disillusioned, the Robinsons requested that Drew relist the property for sale. After failing to generate any offers, Drew proposed that he join the Robinsons in a partnership. Under the partnership agreement, Drew received a one–half interest in the property, and he assumed all management duties and the responsibility for all future capital contributions. Drew died a short time after the agreement was signed.

In June of 1985, the Robinsons filed suit against Nancy McReynolds, personal representative of Drew's estate, and Adams. The claim against McReynolds charged that as representative of Drew's estate she had not met her obligations under the partnership agreement, thereby causing relinquishment of the property to the contract vendor. The claim against Adams alleged violation of the Consumer Protection Act by their agent, John Drew. The McReynolds claim was settled before trial for $7,500.

Adams first contends that the trial court erred in rejecting Adams's challenge to the sufficiency of the evidence. Adams asserts that as a matter of law Drew's statements did not constitute unfair or deceptive acts or practices because Drew merely offered opinions and did not misrepresent facts.[1] We disagree.

---

[1] The jury instructions, which are not assigned as error, generally advised the jury that, to prove violation of the act, a claimant must show that (1) the action complained of was unfair or deceptive; (2) the action occurred in the conduct of a

No Washington case has dealt with opinions as a basis for a Consumer Protection Act claim. We will assume without deciding that the good faith expression of a sincerely held opinion would not afford such a basis. *See Koch v. Federal Trade Comm'n,* 206 F.2d 311 (6th Cir. 1953); *Scientific Mfg. Co. v. Federal Trade Comm'n,* 124 F.2d 640 (3d Cir. 1941).[2] The jury here, however, could have determined that Drew's opinions were not of this kind.

 The evidence showed that Drew had sold the property to the previous owner and had advised her *concerning* its management. Drew knew that the previous owner sold it for the same reasons that distressed the Robinsons: the property simply did not produce income. This deficiency in the economic potential of the property was tantamount to a material defect. Failure to disclose known material defects in the sale of land is a violation of the act. *Cf. McRae v. Bolstad,* 101 Wn.2d 161, 676 P.2d 496 (1984); *Luxon v. Caviezel,* 42 Wn. App. 261, 710 P.2d 809 (1985). We hold that one who offers an opinion as to the future, knowing of but not disclosing facts that would lead a reasonable person to question the opinion, is chargeable with an unfair or deceptive act in violation of the Consumer Protection Act. The jury here was entitled to find that Drew's opinions met

---

trade or in commerce; (3) the practice affects the public interest; (4) the plaintiff was injured; and (5) the unfair act caused the injury. RCW 19.86.020; *Nordstrom, Inc. v. Tampourlos,* 107 Wn.2d 735, 739–41, 733 P.2d 208 (1987); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Adams conceded in its brief that Drew's activity affected the public interest.

[2]Federal cases applying analogous federal law are persuasive authority in interpreting the act. *Cf. State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 82 Wn.2d 265, 275, 510 P.2d 233, 59 A.L.R.3d 1209 (1973).

Adams attempts also, however, to rely on Washington cases concerning fraud. *E.g., Lincoln v. Keene,* 51 Wn.2d 171, 316 P.2d 899 (1957). These *cases are* inapposite. Fraud includes an element of intent. No intent to deceive is required for a Consumer Protection Act violation. *Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 649 P.2d 828 (1982). The test is whether the act or practice *was* unfair or deceptive, not whether the perpetrator intended it to be.

this test. *See Keyes v. Bollinger,* 31 Wn. App. 286, 640 P.2d 1077 (1982).

 There is no merit in Adams's next contention: that the Robinsons' testimony as to Drew's statements should have been excluded because of the deadman's statute.[3] No claim against Drew or his estate based on Drew's representations was included in this lawsuit; indeed, the trial judge took pains to point out that the Robinsons' attorney had been careful to structure the case to avoid this, and to limit the claim against Drew's estate to an alleged breach of the partnership agreement. Accordingly, the testimony was offered only to support the claim against Adams based on the acts of Adams's agent. The testimony was admissible. *Cf. Johns v. Hake,* 15 Wn.2d 651, 131 P.2d 933 (1942); *Northern Bank & Trust Co. v. Harmon,* 126 Wash. 25, 217 P. 8 (1923); *Beaston v. Portland Trust & Sav. Bank,* 89 Wash. 627, 155 P. 162 (1916).

Adams next contends that the trial court erred in declining to reduce the verdict by the amount of the settlement with McReynolds. The contention is extremely general and little law is offered to support it. It has no merit.

 Had the settled claim been the same as that asserted against Adams, the contention would have merit, as there can be no double recovery for the same damage. *Brink v. Griffith,* 65 Wn.2d 253, 259, 396 P.2d 793 (1964). The claim, however, was not the same; it was based on a separate transaction. The record contains evidence supporting a damage award on the Consumer Protection Act claim far in

---

[3]RCW 5.60.030 provides in relevant part:

That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such [deceased person],

. . .

Part of Adams's contention here—that the Robinsons somehow derive their lawsuit through Drew—is without support in the record or the law.

excess of the verdict, and Adams has presented no record from which we could determine that the verdict duplicated the settlement in any respect. *See Allemeier v. UW,* 42 Wn. App. 465, 712 P.2d 306 (1985), *review denied,* 105 Wn.2d 1014 (1986).[4] The trial court did not abuse its discretion in refusing to reduce the verdict. *Newcomer v. Weyerhaeuser Co.,* 26 Wn. App. 958, 614 P.2d 705 (1980).

Adams's contention that the settlement with Drew's estate should have released Adams fails because, as we have already pointed out, the settlement was of a claim different from that against Adams. *Cf. Glover v. Tacoma Gen. Hosp.,* 98 Wn.2d 708, 658 P.2d 1230 (1983); *Vern J. Oja & Assocs. v. Washington Park Towers, Inc.,* 89 Wn.2d 72, 77, 569 P.2d 1141 (1977).

█ Finally, the trial court did not err in refusing to allow Adams to claim contribution against the Drew estate. Adams made no attempt to plead a right to contribution, and the issue was not raised until after trial, by which time the Drew estate was no longer in the case. The contribution statute upon which Adams relies permits one seeking contribution to claim it in the action in which he is a defendant or in a separate action. RCW 4.22.040(1). The statute contemplates, however, that if contribution is sought in the original action, the *right* of contribution will be established in that action. RCW 4.22.050. In our view, this means that one seeking contribution in the same action in which a

---

[4]The verbatim report does not include jury argument on damages. The sole instruction on damages, to which no error has been assigned, reads:

"INSTRUCTION No. 8

"It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

"If your verdict is for the Plaintiffs, then you must determine the amount of money which will reasonably and fairly compensate the Plaintiffs for such damages as you find were proximately caused by the Defendants.

"The burden of proving damages rests with the Plaintiffs and it is for you to determine whether any particular element has been proved by a preponderance of the evidence.

"Your award must be based upon evidence and not upon speculation, guess or conjecture."

claim is asserted against him must do so in a timely manner by pleading and proving his right to contribution before suffering a verdict to be entered against him on the principal claim.

The Robinsons are entitled to attorneys fees on appeal. RCW 19.86.090; *Wilkinson v. Smith,* 31 Wn. App. 1, 15, 639 P.2d 768, *review denied,* 97 Wn.2d 1023 (1982). They may have complied with RAP 18.1. We award $3,000.

Affirmed.

REED, C.J., and ALEXANDER, J., concur.