GUSTAVE DISCH, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

First Department, December 1, 1922.

Sales — action on bond conditioned that if plaintiff's vendor failed to deliver on board vessels bound from France to New York goods purchased defendant would indemnify plaintiff — only part of goods delivered and part of those delivered did not conform to contract — goods sold to be paid for f. o. b. Paris — title passed on delivery on board vessels — damage to be ascertained at place of delivery — defendant did not obligate itself that goods should be up to sample — error to permit plaintiff to show that goods were not like sample.

The title to goods passes to the buyer at the place of shipment, where the contract of sale provides for delivery upon board vessels bound from France to New York; that the goods are to be paid for by the buyer f. o. b. Paris, France, upon delivery of all necessary shipping documents to the buyer's bank in Paris, and that the seller should take out insurance in the name of the buyer to be paid for by the buyer.

Accordingly, in an action on a bond conditioned that if the seller of certain army shirts failed to deliver on board vessels bound from France to New York, consigned to the plaintiff, 150,000 reclaimed army shirts which had been washed and ironed and which were free from patches, holes and tears, the surety company would indemnify the plaintiff, the damages for shirts not delivered and the damages for shirts delivered which did not conform to the contract are to be ascertained as at the place of delivery.

Since the only conditions for which the defendant obligated itself under the bond were that the goods should be washed and ironed and free from patches, holes and tears, the plaintiff did not have the right to show that the goods did not conform to the sample.

APPEAL by the defendant, National Surety Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day

of December, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*William R. Page* of counsel [*Acton C. Bassett* with him on the brief], for the appellant.

*Arthur C. Mandel* of counsel [*Jacob J. Lazaroe* with him on the brief], for the respondent.

FINCH, J.:

This is an action against a surety company on a bond conditioned that, if the vendor of certain army shirts to the plaintiff failed to *deliver on board vessels* bound from France to New York before November 30, 1920, consigned to the plaintiff, 150,000 reclaimed army shirts, which had been washed and ironed and which were free from patches, holes and tears, the surety company would indemnify the plaintiff up to $25,000.

The plaintiff showed that only 60,936 shirts were actually delivered, and of these 46,000 were torn, dirty and ragged shirts, and he was awarded as damages the difference between the contract price and the market value in New York of the undelivered shirts, and the difference in New York between the value of the goods delivered as they were and as they should have been.

It is needless to go into the details of the evidence, for, at the outset, it appears that there was reversible error in the principle of damages presented to the jury. The contract between the plaintiff and his vendor specifically provided for the delivery of goods, property of the vendor, which were in France, upon board vessels bound from France to New York to be paid for by the plaintiff f. o. b. Paris, France, upon delivery of all the necessary shipping documents to his bank in Paris. It is further provided that the seller should take out insurance in the name of the buyer, and that the premiums were to be added to the purchase price of the shirts and to be paid out of the funds available under the letters of credit at the same time at said bank in France. The title to the goods, therefore, passed to the plaintiff upon delivery thereof on board the vessel, and the case squarely comes within the rule that damages are to be ascertained as at the place of delivery. (*Standard Casing Co. v. California Casing Co.*, 233 N. Y. 413.) In this connection, also, it is to be noted that the bond itself provided for delivery on board vessels at France.

For the foregoing reason there must, therefore, be a new trial.

The court below also held that the plaintiff could show that the goods were not up to the sample. In this there was error, for the only conditions for which the defendant obligated itself under the

bond were that the goods should be washed and ironed and free from patches, holes and tears, and did not obligate itself that the goods should be like the sample. This can be further seen from the fact that the agreement of purchase in providing for the bond expressly provided what the condition of the bond should be, and the wording of the condition of the bond followed exactly the wording of the agreement. It is true that in another part of the agreement it was provided that the goods should be like the sample, but this was not undertaken, nor required to be undertaken, by the defendant in its bond.

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.