[No. 22287. Department One. March 4, 1931.]

VALLEY FRUIT COMPANY, *Respondent,* v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant.*[1]

*Rader & Bean,* for appellant.
*W. F. Crowe,* for respondent.

MILLARD, J.—This action was brought in the superior court for Walla Walla county by the seller of a quantity of onions to recover, from the surety on the bond of the buyer, the difference between the orig-

[1]Reported in 296 Pac. 557.

inal purchase price and the amount realized from the resale of the onions upon their rejection by the buyer. The trial of the cause to the court resulted in findings and judgment against the surety company, and in favor of the plaintiff, for the full amount claimed. The defendant appealed.

On July 11, 1925, the respondent, a domestic corporation, sold to the Gamble-Robinson Company, a foreign corporation, with its principal place of business at Minneapolis, a car load of U. S. No. 1 Yellow Globe onions. The price agreed upon was four dollars per hundred weight f. o. b. Walla Walla. While being loaded upon the car, the onions were inspected by an inspector of the United States Department of Agriculture, whose certificate discloses that the onions were of the grade specified by the contract.

The car of onions arrived at Minneapolis on or about July 20th. The buyer rejected the shipment, claiming that the onions were not of the grade ordered, but offered to accept the onions if the respondent would allow a reduction in price of fifty cents per hundred weight. That offer was declined by respondent, which countered with a proposal to allow twenty-five cents per hundred weight reduction, and gave notice that a failure to promptly accept and pay for the onions would be considered as authority for the respondent to resell, applying the proceeds to the buyer's account, and holding it responsible for the difference between the contract price and the amount realized on resale. The buyer did not accept and pay for the onions, thereupon the respondent disposed of the entire carload in the Chicago market, realizing eight hundred and forty-one dollars less than the original sale price.

The Gamble-Robinson Company was engaged in the wholesale produce business in Minneapolis, and, as such dealer, was under bond to the State of Minnesota

for the faithful performance of its contracts. That bond, which is in the penal sum of two thousand dollars, is conditioned as follows:

"If the above bounden Gamble-Robinson Company shall faithfully perform its duties as a Dealer at Wholesale, shall observe all laws and lawful regulations relating to the carrying on of the business of Dealer at Wholesale, *for the payment when due of the purchase price of produce purchased by him,* for the prompt reporting of sales as required by law, to all persons consigning produce to the licensee for sale on commission and the prompt payment to the persons entitled thereto of the proceeds of such sales, less lawful charges, disbursements and commission, then this obligation to be void, otherwise to remain in full force and effect during the whole time that the said Gamble-Robinson Company shall continue in the business of a Dealer at Wholesale, as aforesaid, under license issued by said Commissioner of Agriculture."

The appellant was the surety on that bond.

Error is assigned on the overruling of appellant's demurrer to the complaint, on the ground that there was a defect of parties defendant. It is contended that both the principal and surety should have been made parties, under the provisions of § 6228 of the Minnesota Code (1923), reading as follows:

"Any person claiming himself to be damaged by any breach of the conditions of a bond given by a licensee as hereinbefore provided *may maintain an action thereon in his own name against both principal and surety;* . . ."

In the case at bar, the bond, which is approved as to form by the proper state officials, contains a provision that the principal and surety are bound "jointly and severally."

Appellant concedes the general rule to be that, when the liability is so joint and several, a creditor has the undoubted right to proceed against the surety alone.

Appellant insists, however, that the Minnesota legislature changed this rule when it provided that an aggrieved party may sue both principal and surety; that the legislature thereby defined and limited the manner of instituting an action on the statutory bond, by requiring the suit to be against *both* principal and surety, else that language would have no meaning or force whatsoever.

The supreme court of Minnesota apparently holds contrary to the view of appellant. In *Steffes v. Lemke,* 40 Minn. 27, 41 N. W. 302, the court had under consideration a statutory contractor's bond. One of the questions was as to who should be made parties defendant. The court said:

"The language of the statute is too explicit to admit of a question: 'Persons severally liable upon the same obligation or instrument . . . may all or any of them be included in the same action.' Section 36, c. 66, Gen. St. 1878. This means nothing else than that the plaintiff may bring his action against all or any one or more of the persons so severally liable. This bond, being joint and several, comes within the rule thus expressed."

In the statute quoted by the court in the foregoing, the word "may" applies where there are two or more parties liable, while, in the statute involved in the case at bar, it contemplates only two parties, the "principal and surety." The same thought is conveyed in both statutes, and, as the word "may" is permissive and not mandatory in the one, it must be so construed in the other. The demurrer was properly overruled.

Appellant next complains of the finding that the onions when delivered were U. S. No. 1 quality, and that the Gamble-Robinson Company wrongfully refused the shipment on its arrival in Minneapolis. The buyer would not be justified in rejecting the shipment unless, at the time of delivery, the onions were

not of the quality specified by the contract. The official inspection at Walla Walla affirmatively shows that the onions were of the quality provided by the contract. Walla Walla was the place of delivery under the contract. No similar inspection was had in Minnesota, or at all. While there is testimony that the onions could not have been of proper grade when shipped, because of their condition at destination, there is sufficient evidence upon which the trial court could make the findings of which appellant complains.

That the findings of the trial court are amply sustained by the evidence, we are convinced by our examination of the record, in which we find no reversible error; therefore, the judgment should be, and it is, affirmed.

TOLMAN, C. J., BEALS, PARKER, and MITCHELL, JJ., concur.