[No. 28018.  *En Banc.*  November 27, 1940.]

FRED KAMPENDONK et al., *Respondents,* v. AMERICAN BONDING COMPANY OF BALTIMORE, *Appellant.*[1]

[1]Reported in 107 P. (2d) 588.

*George F. Hannan,* for appellant.

*Wright & Wright,* for respondents.

SIMPSON, J.—Plaintiffs instituted this action for the purpose of collecting the amount due upon a judgment obtained in an action in claim and delivery, in which action defendant supplied the bond.

The complaint alleged that June 28, 1936, plaintiffs were the owners of, and in possession of, a certain Studebaker truck of the value of five hundred dollars; that, upon that date, H. Martin Smith and wife instituted an action in the King county superior court for the purpose of recovering the Studebaker truck, which they claimed to own; that Smith made an affidavit in claim and delivery and procured a bond signed by the American Bonding Company, defendant herein, as surety; that Smith caused the sheriff of King county to take possession of the truck; and that the sheriff delivered it to Smith.

It was further alleged that June 18, 1939, the superior court, after a trial of the cause, found and determined that the truck belonged to defendants in that case (plaintiffs here), and ordered the return of the truck, or, in the event that it was not returned, then plaintiffs should have judgment for its value in the sum of five hundred dollars. The complaint then asserted that the truck was not returned in accordance with the judgment.

Plaintiffs demanded recovery in the sum of five hundred dollars, the amount of the judgment, together with damages in the sum of five hundred dollars for the use of the truck while in the possession of Smith.

The answer was, in effect, a general denial, to which were added two affirmative defenses. The first affirmative defense denied that plaintiffs were entitled to damages for the detention of the truck. The second affirmative defense contained the following allegations:

"That the plaintiffs Fred Kampendonk and Mary Kampendonk, his wife, are insolvent; that as between the defendant American Bonding Company of Baltimore and the said H. Martin Smith and Fredericka J. Smith, his wife, plaintiffs in cause No. 300133, that if any judgment is rendered against this defendant company in this action, the said H. Martin Smith and Fredericka J. Smith, his wife, and the community composed of said parties is responsible to this defendant for the payment of said judgment, and they and each of them have not sufficient assets or property to pay said judgment or any part thereof.

"That at the time of the rendition of said judgment and ever since said time the plaintiffs, Fred Kampendonk and Mary Kampendonk, his wife, were indebted to the said H. Martin Smith and Fredericka J. Smith, his wife, in a sum in excess of $1200.00, upon a mutual account which existed between the parties commencing about the year of 1936, and ending some time in the year of 1937 for money furnished, house rent, board,

room and other things of value furnished by the said Smiths to the said plaintiffs, and that said amount exceeds any judgment which can or will be rendered in this case, and that this defendant hereby claims the right of off-set and does plead as an off-set this indebtedness."

The reply put in issue the allegations contained in defendant's answer. However, the case did not go to trial upon the issue thus made.

Three days before the beginning of the trial, counsel for defendant voluntarily filed an amended answer. That answer denied generally the allegations of the complaint, and then alleged:

"For a First, Separate and Affirmative Defense, this defendant alleges:

I

"That while it believes that an affirmative defense is unnecessary under the issues as tendered by the complaint and this answer, nevertheless, in the interest of safe pleading, defendant states that shortly after the entry of said judgment in the Superior Court in cause No. 300133, the said H. Martin Smith and wife, plaintiffs in said action, tendered the said truck to the plaintiffs in this action in as good condition as it was at the time that they received the truck under the writ of replevin, and the said plaintiffs herein refused to accept the same; that the said truck has at all times been available and is now available for the plaintiffs if they wish to accept it, and the said H. Martin Smith and wife have kept the said truck in the same condition as it then was."

Defendant also presented a motion for permission to make Smith and wife parties to this action. That motion was based upon the following affidavit of counsel for appellant.

"George F. Hannan, being first duly sworn on oath deposes and says:

"That he is attorney for the defendant; that it appears from the files herein that H. Martin Smith and

Fredericka J. Smith, his wife, are proper parties to the within action and are necessary for a complete determination of all the rights of the parties herein; that the said H. Martin Smith and Fredericka J. Smith are the principals upon the bond sued upon herein and if judgment is recovered against defendant American Bonding Company it will have a right to a judgment over and against H. Martin Smith and Fredericka J. Smith, his wife; that they were the plaintiffs in a replevin action, No. 300133 of the Superior Court of King County, Washington, in which the bond sued upon herein was filed; that the said H. Martin Smith and Fredericka J. Smith have, as affiant is informed and believes and therefore alleges, a valid defense and counterclaim against the said plaintiffs Fred Kampendonk and Mary Kampendonk, his wife, in a sum in excess of $400.00 for money advanced, services rendered, board and room to the said plaintiffs, and that said counterclaim is available as defense to this action and is available to the defendant American Bonding Company and that the said H. Martin Smith and Fredericka Smith are agreeable to having such a defense interposed."

The court denied the motion. The case went to trial before a jury, with the result that, during the course of the trial, the court directed a verdict in favor of these plaintiffs. The court then entered judgment upon the verdict. Subsequent to the signing of the judgment, defendant presented a motion for a new trial, upon the grounds of error in law occurring at the trial, and the insufficiency of the evidence to justify the decision, and that the same was against the law. The motion was denied. Defendant has appealed.

The assignments of error are (A) in striking the second affirmative defense; (B) in refusing to have H. Martin Smith and wife made parties; (C) in directing a verdict and entering judgment against defendant; and (D) in denying the motion for a new trial.

The facts may be summarized as follows: Appel-

lant's principals, H. Martin Smith and wife, instituted action in the superior court of King county, Washington, against respondents. The complaint contained two causes of action. The first cause of action was in claim and delivery; the second was for an accounting between the parties and the determination of a certain alleged business relationship existing between the parties.

In the cause of action for claim and delivery and in the affidavit designated "Affidavit in Replevin," plaintiffs in that cause described the personal property, which they desired seized and taken from the possession of the respondents herein (defendants in that case), as one certain Studebaker truck, 1931 model, together with the certificate of title and of registration covering the truck. The plaintiffs in that action procured this appellant as surety upon the bond in replevin which they were required to give under the law in order to obtain possession of the truck.

Based upon the process, the sheriff of King county seized the property as described, took it from the possession of these respondents, and delivered it to appellant's principal. At the time of the seizure, there was a body, or top, on the truck, and it was equipped with certain spare parts, consisting of spare tires, tools, and upholstery. It was also painted a tan color. Upon obtaining delivery of the truck from the sheriff, appellant's principals removed the body from the chassis of the truck and sold it for $125. They also repainted the truck a different color with house paint, removed the spare tires, and either changed the tires with which the truck had been equipped or caused them to become worn out.

Upon the trial of the claim and delivery action, the superior court ordered the return of the truck to re-

spondents and, in the alternative, awarded them a money judgment in the sum of five hundred dollars.

Some weeks after the judgment was entered, appellant's principals attempted to return the truck, which had been taken from respondents' possession, by having an individual offer to leave with respondents the running gear and chassis of the truck, without the body thereon, without the spare tires, with some upholstery missing, and with the tires in a badly worn condition. This attempted delivery was refused by respondents. They then brought this action against appellant alone upon the replevin bond which it had supplied to Smith and wife in the claim and delivery action.

At the beginning of the trial, respondents waived their claim of damages for the detention of the truck.

The result sought to be obtained by the second affirmative defense and by having Smith and wife made parties to the action was to allow an offset of their claim against the judgment upon which the action in this case was founded.

▌ Rem. Rev. Stat., § 192 [P. C. § 8273], and our decisions in *Kanters v. Kotick*, 102 Wash. 523, 173 Pac. 329; *State ex rel. Reitmeier v. Oakley*, 129 Wash. 553, 225 Pac. 425; and *Valley Fruit Co. v. United States Fidelity & Guaranty Co.*, 161 Wash. 166, 296 Pac. 557, have definitely committed us to the rule that the obligee named in a surety bond containing joint and several promises has a right to sue the surety alone without joining the principals in the action, where a breach of the bond has occurred.

▌ The question of the right of a surety, when sued alone, to assert a counterclaim or set-off which would be available to the principal, if he were sued, has been a troublesome one, resulting in a conflict of authorities in the various jurisdictions in which it has

been adjudicated. The general tendency seems to be against permitting the surety to have the defense, although when certain elements are present, the right has in some cases been granted, as is indicated in the following quotation:

"In accordance with the rule that defenses available to the principal are likewise available to the surety, it has been held that a surety when sued alone may set off any claim which the principal can set off against the demand of the creditor; and in some jurisdictions this privilege is secured to the surety by force of statute. It is, however, generally held that, in the absence of a statute permitting it, a surety cannot, when sued alone, avail himself of a claim of the principal against the creditor where he has no interest in the claim, except upon the insolvency of the principal or the creditor, or unless the principal consents thereto, and it has been assigned to the surety. The assignment must have been made before the suit is brought. The principal may intervene and set off a debt in an action against the surety alone. *Sureties cannot set off a demand which their principal would not be entitled to set off.* The claim of the principal must be due and be a liquidated demand." (Italics ours.) 50 C. J. 196, § 334.

It is very clear, however, that, even in those cases in which courts have seen fit to allow the defense to the surety, it is imperative that the counterclaim or set-off asserted by the surety be one which would have been available to the principal, had he been sued alone, or with the surety. This requirement is indicated in the italicized portion of the authority just quoted, and is also set forth in 21 R. C. L. 1079, § 120, *Ewen v. Wilbor,* 208 Ill. 492, 70 N. E. 575, and *Fidelity & Deposit Co. of Maryland v. Haines,* 78 Md. 454, 28 Atl. 393, 23 L. R. A. 652.

The reason for requiring that the set-off or counterclaim be one which could have been asserted by the

principal, if sued, is obvious, the surety's only basis for claiming the defense being that it would have been available to the principal, if he had been sued. To permit the surety to assert a claim which the principal himself could not assert, would mean that the stream was rising higher than its source. Clearly, this cannot be. The rights claimed being derivative in nature, their extent must be determined by the rights existing in favor of the one from whom they are derived.

Keeping the requirement set forth above in mind, we turn to an examination of the counterclaim asserted by appellant surety in the case at bar. Could Smith and his wife, the principals, have urged this counterclaim against respondent?

Rem. Rev. Stat., § 265 [P. C. § 8352], formerly Rem. Comp. Stat., § 265, reads:

"The counterclaim mentioned in the preceding section must be one existing in favor of a defendant, and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: —

"1. A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action;

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The facts stated in *Cunningham v. Long*, 134 Wash. 433, 235 Pac. 964, show that appellant became indebted to a man named Garrett for merchandise. Garrett brought an action to collect and attached an automobile which appellant had purchased upon a conditional sales contract and upon which several payments were due. The sheriff took the car into his possession and delivered it to the Blackwell Motor Co., holder of the conditional sales contract, for safe keeping. Later,

the action was dismissed and the automobile released to Garrett, who had, during the time the action was pending, purchased the contract from its original holder. Garrett refused to deliver the car to the purchaser, who then instituted action for conversion. In deciding the case, we stated:

"In his answer, Garrett had pleaded a counterclaim for the merchandise which he had sold and delivered to the respondent. Upon the trial, the evidence in support of this counterclaim was rejected by the court. The appellants Blackwell now contend that that was error; that the counterclaim was properly pleaded and that evidence should have been received in its support. Assuming, for the purposes of this action only, that the Blackwells can raise this question, it will not assist them. It did not arise out of the transaction set forth in the complaint as the foundation of the respondent's right to recover damages and it was not connected with the subject-matter thereof. Under Rem. Comp. Stat., § 265 [P. C. § 8352], the ruling of the trial court was correct."

In the instant case, the counterclaim for money advanced, services rendered, and charges for board and room, were entirely foreign to the cause of action set out in respondents' complaint and was not connected with their cause of action. We hold that the counterclaim which appellant sought to make in this case by its original pleading and by having Smith and wife made parties, was not one which could be made by the Smiths, and hence it was not available to appellant.

The ruling of the trial court in striking the second affirmative answer and denying the motion to make Smith and wife parties to the action was proper.

■ Finally, appellant maintains that the truck was returned to respondents in accordance with the command of the judgment in the claim and delivery action. It argues that its principal, Smith, had only to return

the truck chassis, and was not compelled to make a delivery of the top or truck-body and spare tires, for the reason that they were not attached to the truck and were not mentioned in the former proceedings.

It was admitted during the trial that the body and spare tires were on the truck chassis at the time Smith secured its possession, and that he did not return the body with the truck, but had, during the time it was in his possession, removed the truck body and sold it for $125. The facts show that the writ of replevin did not mention the top or body which was upon the truck.

"The authorities so far noticed, as we understand them, lend support to the view that the party for whose benefit the delivery or redelivery bond is given, under which his property is withheld from him, upon judgment being rendered in his favor for the recovery of the property, or in the alternative for its total value determined by such judgment without separate valuation of separate portions or articles, may elect to accept tender of the property, though depreciated in value, and sue upon the bond for his damages measured by its depreciated value; or he may, if the property is tendered to him in substantially worse condition than when first withheld from him under the bond, refuse the tender and sue upon the bond for damages measured by the total value of the property as determined by the alternative judgment. We are impressed with the justice of this doctrine, in view of the fact that it favors the party who is finally adjudged to be in the right." *Hallidie Machinery Co. v. Whidby Island Sand & Gravel Co.*, 73 Wash. 403, 131 Pac. 1156, 45 L. R. A. (N. S.) 40.

"When a return of personal property is adjudged in an action for its recovery, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, and would escape the penalty of his undertaking, to take active measures to redeliver it to the defendant, within a reasonable time, in the same condition as when taken." 23 R. C. L. 903, § 64.

"It is the general rule that where property has been

taken in replevin, to comply with the alternative judgment for its return it must be returned in substantially the same condition as when taken, and without deterioration in value." 23 R. C. L. 907, § 68.

"Plaintiff in replevin must, in order to satisfy the condition, return or offer to return the identical property replevied and not other property of like kind and value." 54 C. J. 637, § 404.

Respondents were entitled to have the identical property which had been willfully taken returned to them, regardless of the fact of whether or not it was definitely and particularly described in the writ. Smith took the truck with the top and body and some tires and spare parts upon it, and cannot be allowed a profit from his wrongful act, nor can appellant justify the wrong committed by its principal. Respondents were within their rights in refusing to accept the return of a portion of their property. It follows that they were entitled to recover judgment from appellant.

From the whole case, we are of the opinion that there is no error in the record, and that the judgment should be affirmed. It is so ordered.

ALL CONCUR.