Bentley Kassal, J.
Both sides concede there is no issue of fact herein.
*698 Plaintiff is a dress and suit manufacturer which received a written order from defendant for the purchase of some 288 garments. The order dated September 9, 1969, was on defendant’s printed form and it advised plaintiff to “ ship via Stuart, 453 W. 57th St.”.
Stuart Express Co., Inc., picked up such shipment on September 12, 1969 and issued its printed receipt to plaintiff, naming defendant as consignee for such garments. Said receipt contains the printed names of 12 different consignees, including the printed name of defendant, together with a code number “ 702 ” indicating the address for such shipment. On September 16, 1969, Stuart Express Co., Inc., wrote plaintiff that the entire shipment was lost and that its limit of liability is $1 per garment, per its bill of lading. On September 23, 1969, plaintiff wrote defendant with this loss information and enclosed a duplicate bill for the sum sued for, namely, $1,756.80.
The legal issue is simple, to wit, who bears the risk and burden of such loss, or, at the time of the loss, was title to such property in plaintiff or defendant.
Both parties cite section 2-509 of the Uniform Commercial Code to support their respective positions. Plaintiff contends that title passed to buyer-defendant on delivery to shipper in that paragraph (1) reads:
“ (1) Where the contract requires or authorizes the seller to ship the goods by carrier
(a) if it does not require him to deliver them at a particular destination, the risk of loss passes to the buyer when the goods are duly delivered to the carrier ’ ’.
Defendant maintains that the said contract is a destination contract and cites paragraph (b) of the same subdivision (1) of section 2-509 which reads:
“ if it does require him to deliver them at a particular destination and the goods are there duly tendered while in the possession of the carrier, the risk of loss passes to the buyer when the goods are there duly so tendered as to enable the buyer to take delivery.”
The court decides that this was not a destination contract since there was no express requirement that they be delivered at a particular destination. The word ‘ ‘ require ’ ’ means that there is an explicit written understanding to that effect for otherwise every shipment would be deemed a destination contract. Clearly, here the buyer designated Stuart Express Co., Inc., to make the shipment and, therefore, paragraph (a) would be applicable because there is no destination contract or express requirement for delivery at a particular designation. The risk *699 of loss passed to the buyer upon such delivery to Stuart Express Co. Inc.
Furthermore, it has long been held that the general rule is that ordinarily, the delivery to carrier is delivery to buyer. (Schanz v. Bramwell, 143 N. Y. S. 1057.)
An additional factor is present which strengthens this conclusion, namely, the bill of sale issued by plaintiff on Sept. 12, 1969 has printed thereon “ Terms, FOB, NYC.”. Defendant is in Westbury, Long Island which is in Nassau County, out of New York City.
The general rule is that upon a sale “ FOB the point of .shipment (here New York City),” title passes from the seller at the moment of delivery to the carrier and the subject of the sale is thereafter at the buyer’s risk. In other words, the delivery to carrier is delivery to the buyer. (Chase Manhattan Bank v. Nissho Pacific Corp., 22 A D 2d 215, affd. 16 N Y 2d 999; Standard Casing Co. v. California Casing Co., 233 N. Y. 413; Disch v. National Sur. Co., 203 App. Div. 723.)
Plaintiff’s motion for summary judgment for $1,756.80 is granted and the defendant’s answer is stricken.