[No. 85-41296-3.   Division Three.   July 22, 1970.]

CHARLES A. McCARTNEY et al., Appellants, v. THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA, Respondent.

*Ralph Llewellyn Jones*, for appellants.

*John G. Schultz* (of *Leavy, Taber & Schultz*), for respondent.

MUNSON, J.—Charles McCartney and Violet Riddell, plaintiffs, seek to recover the value of a life insurance policy which the former took out on the life of his key employee, Patrick H. Riddell, husband of Violet. When the deceased was questioned at the time of the medical exami-

nation for the policy, and on two subsequent occasions, he failed to give the names of two doctors who had treated him for heart trouble and diabetes. As a result, even though the insurance company submitted an inquiry to the Medical Impairment Bureau for information on the applicant, defendant was uninformed concerning these medical problems until after the death of the insured. At the time plaintiffs made claim upon defendant under the policy, they were asked to list the names of all physicians who had treated the insured within 5 years preceding his death. Listed were the names of two doctors not mentioned on the original application or noted on the two subsequent inquiries made by defendant prior to the issuance of the policy. Upon learning of the insured's heart trouble and diabetic condition, defendant denied benefits to plaintiffs and tendered back the amount of their premium to McCartney.

The jury rendered a verdict in favor of defendant and plaintiffs appeal.

Plaintiffs assign error to the admission of exhibit 13—a summary of various items of medical information which came to defendant's attention after the death of Riddell—which measures 40 by 44 inches. We find merit in plaintiffs' contention. The court admitted exhibit 13 for illustrative purposes only and instructed the jury not to consider it as evidence. It was, along with all other exhibits, submitted to the jury for consideration during their deliberation at the close of the case.

■ Summaries of testimony may be used where documents are so numerous and the information contained therein so intricate as to make an examination of them by the jury impractical, *e.g.,* issues involving embezzlement, misappropriation of funds and state of accounts wherein an accountant or auditor has examined voluminous records or books and gleaned therefrom those matters relevant to the issues then before the court. *Keen v. O'Rourke,* 48 Wn.2d 1, 290 P.2d 976 (1955); 29 Am. Jur. 2d *Evidence* § 458 at 517 (1967). In the instant case the evidence sought to be illustrated by exhibit 13 is not of such a nature as to require a

summary. This exhibit is more than an aid in explaining testimony, or in assisting the jury to better understand the evidence. Its possible effect is to get before the jury that which should be admitted through the original records or oral testimony. It tends to overemphasize the particular testimony set forth therein. Such an exhibit should be utilized only during the initial presentation of testimony or in final argument by counsel; it should not go to the jury as an evidentiary exhibit.

Plaintiffs also assign error to the admission of the deposition of Dr. Alfred J. Grose alleging his testimony was hearsay and speculative. For example, incorporated within the deposition was exhibit A, a letter or medical report signed by Dr. Grose to another insurance company, which had requested medical information concerning the deceased. In part Dr. Grose wrote:

> From history received he *apparently* was diabetic and *apparently* had been told that he had coronary disease. . . . On that occasion I examined him very briefly and felt that his right dorsalis pedis, posterior tibia pulses were both palpable. The possibility of abdominal aneurysm was raised. The possibility of diabetic neuropathy was also raised.

(Italics ours.) Testifying in his deposition on cross-examination, the following occurred:

> Q Now, you said in this letter, . . . You said he was apparently told that he had coronary heart disease *but the fact is you do not know of your own knowledge whether he was or not;* is this right? A *This is correct.* Q And if Dr. Olander says he didn't tell him, you would accept that, wouldn't you? A I could only believe that this is true, yes. Q When you say, you use the word "apparently," you're making an assumption there, aren't you? A Yes. Q And you said you don't know whether he was told or not, actually? A That is correct.

(Italics ours.) In other portions of the deposition it is evident that the doctor was not able to state, of his personal knowledge, that the deceased was or was not told of his condition but relied generally upon what was the practice in his clinic.

■ Plaintiffs' objections were well taken not only at the time of deposition, but also at the time the deposition was offered during the trial and on this appeal. The trial court was of the opinion these objections went to the weight of the testimony as contrasted with its admissibility. It is unchallenged the doctor made a statement in a medical report to an insurance company not a party to this action, at a time prior to this suit and that the report indicated the doctor's *speculation* as to what the insured may have been told and not what he actually was told by Grose's associate, Dr. Olander. Clearly, such testimony is not admissible.

■ However, we must not lose sight of the perspective in which the instant testimony and the admission of exhibit 13 are to be placed. The evidence of Patrick Riddell's failure to furnish the insurance company correct and complete information necessary for it to properly evaluate his application is overwhelming. We are convinced beyond a reasonable doubt, even without the commission of these procedural errors, the result would have been the same. These were harmless errors and do not justify a new trial. *Kennedy v. Clausing*, 74 Wn.2d 483, 491, 445 P.2d 637 (1968).

Our review of the record does not reveal the trial judge abused his discretion in allowing the asking of leading questions of two medical doctors. 5 Meisenholder, Wash. Prac. § 261 (1965).

■ Plaintiffs' assignment of error to the trial court's failure to give two proposed instructions and the giving of instruction No. 17 is also without merit. We are satisfied that under the facts of this case the instructions of the court were sufficient to allow plaintiffs to effectively argue their theory of the case to the jury. Furthermore, we find no evidence in the record to support plaintiffs' theory of the insurance company's negligence. The assignment of error relating to court's instruction No. 17 is not well taken. The exception given to the trial court at the time was insufficient to apprise it of the basis upon which error is now alleged. *Franks v. Department of Labor & Indus.*, 35 Wn.2d

763, 768, 215 P.2d 416 (1950). Consequently, we will not consider it.

■ Plaintiffs challenge the credibility of defense witness Dr. Liddington. The issue as to his credibility was clearly before the jury since Dr. Liddington's testimony was contradicted by plaintiff Dr. McCartney. Credibility is an issue to be decided by the trier of fact. *Nissen v. Obde,* 55 Wn.2d 527, 529, 348 P.2d 421 (1960); *Case v. Peterson,* 17 Wn.2d 523, 532, 136 P.2d 192 (1943). The jury resolved the dispute in favor of the former. Such a resolution upon disputed testimony cannot be overturned on appeal.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.

Petition for rehearing denied September 4, 1970.

Review denied by Supreme Court October 7, 1970.