Jones, J.
We hold that appellant’s commercial transactions did not come within the coverage of the "Ocean Marine Cargo Open Policy” issued by respondent insurer, and accordingly that premiums are not payable with respect thereto.
Appellant Chang was engaged as a broker dealing in foodstuffs produced and canned in Taiwan and imported into the United States. Respondent, Home Insurance, was the insurer under a policy of ocean marine insurance which covered foodstuffs shipped on voyages "from ports and/or places elsewhere in the world (excluding Russia and Russian dominated territories) to ports and/or places in the United States direct or otherwise including the risk of transhipment, if any”. The policy stated as its insurable interest: "To attach upon all goods and merchandise as described above shipped by or consigned to the Assured, or shipped by or consigned to others for account or control of the Assured and in which the Assured may have an insurable interest, but excluding all shipments sold by the Assured on F.O.B., F.A.S., Cost and Freight or similar terms whereby the Assured is not obligated to furnish ocean marine insurance and excluding all shipments bought by the Assured on terms which include ocean marine insurance to the final destination; notwithstanding the foregoing, also to cover shipments for account of others by whom the Assured may be instructed to insure, provided such instructions are given in writing prior to shipment.” (Emphasis added.) Home Insurance instituted the present action for premiums due and unpaid on shipments of foodstuffs undeclared by Chang and asserted by Home Insurance to come within the policy coverage.
In the pertinent transactions, Chang entered into contracts with New York importers on F.O.B., Taiwan or C & F U.S.A. port terms. To fulfill his commitments to his customers Chang in turn placed orders with Taiwan suppliers on the same terms—on what is described as a back-to-back basis. The particular foodstuffs were delivered by the Taiwanese suppliers to vessels at Taiwan, consigned to customers or to letters *290 of credit opening banks with notification to the American importers.
The issue is whether under these commercial arrangements Chang had a risk which fell within the coverage of the ocean marine insurance policy. If so, Home Insurance is entitled to recover the premiums which would be applicable thereto. It is Chang’s position that the shipments in question to the extent that they might otherwise be said to come within policy coverage were excluded under the terms of the explicit exclusionary clause of the policy. We agree with Chang.
We think that there can be no question that the transoceanic shipments by Chang to his American importers are excluded from policy coverage; they come squarely within the terms of the exclusionary clause in the policy. Indeed the customers provided their own marine insurance with respect to such shipments; Chang was under no obligation to do so.
In addition to asserting claims with respect to the transoceanic shipments themselves, Home Insurance contends that for however brief a period of time, Chang had a risk with respect to the merchandise between the shipments under the purchases from the Taiwanese producers and the ocean shipments on to his customers in the United States. Chang rejoins —effectively, we think—that he did not have title to the merchandise before the deliveries were received from the producers, at which time title simultaneously vested in his customers in accordance with the terms of his sales to them (Chase Manhattan Bank v Nissho Pacific Corp., 22 AD2d 215, 221, affd 16 NY2d 999; Disch v National Sur. Co., 203 App Div 723, 724). Even if it were to be considered that there was a momentary, interim risk, however theoretical, between the two contracts, such risk had terminated prior to any covered ocean voyage between a foreign port and a United States port which did not start until the merchandise came under the contracts of sale to Chang’s customers. Home Insurance’s policy provided ocean marine coverage and not inland insurance coverage. Nor was the insurer otherwise at risk under the "warehouse to warehouse” clause or any policy indorsement.
Home Insurance then points to the fact that under the terms of his sales agreements with his customers, Chang warranted, that the foodstuffs would "pass U.S. Food & Drug Administration and U.S. Customs” inspection and agreed that should any foodstuffs fail to pass such inspection he would *291 refund the purchase price to his customer. The insurer argues that in consequence of this obligation Chang retained an insurable interest in the goods until they passed inspection. To this contention Chang makes twofold response. First, under subdivision (2) of section 2-401 of the Uniform Commercial Code title to the goods was in Chang’s customer, the buyer. Second, to the extent that in the event the merchandise failed to pass inspection standards, the buyer could have tendered the goods back to Chang, who would then have been obliged to repurchase them, Chang’s interest would have arisen at that time, after the conclusion of the ocean voyage and outside the policy coverage. We reject the assertion that this inchoate contingency gave rise to an insurable interest within the definition of the perils covered by the policy, as contemplated by the parties.
In sum, we conclude that the transactions with respect to which Home Insurance seeks to recover unpaid premiums come within the express exclusionary clause in the policy and that the insurer was not otherwise at risk under this ocean marine insurance policy. Chang was not, therefore, obligated to make any declaration as to such transactions and is not liable for any unpaid premiums with respect thereto.
Accordingly, the order of the Appellate Division should be reversed and the judgment of Supreme Court reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.