148 N.J. Super. 286 (1977)
372 A.2d 638
BLACK PRINCE DISTILLERY, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
HOME LIQUORS, A NEW JERSEY CORPORATION, AND ROYAL TRUCKING CORP., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1977.
Decided March 17, 1977.
Before Judges HALPERN, BOTTER and MICHELS.
Mr. Robert M. Rich argued the cause for appellant (Messrs. Kirsten, Solomon, Friedman & Cherin, P.A., attorneys; Mr. Jack B. Kirsten, of counsel).
*287 Mr. Abe W. Wasserman argued the cause for respondent Home Liquors.
The opinion of the court was delivered by HALPERN, P.J.A.D.
Following a nonjury trial a judgment of no cause for action in favor of defendant Home Liquors and against plaintiff Black Prince Distillery was entered. Suit had been brought by plaintiff against defendant to recover $21,301.84 on a book account for whiskey sold by plaintiff to defendant. Summary judgment had previously been entered in favor of defendant Royal Trucking Corp. and it is not involved in this appeal.
The relevant facts involved are that plaintiff distills and bottles whiskey. Defendant operates many retail store outlets, and has been buying whiskey from plaintiff for about 25 years. During all this period the whiskey was transported by way of Royal. On May 10, 1973 defendant called plaintiff and ordered whiskey valued at $21,301.84. As was its custom, plaintiff prepared the order for shipment, called Royal and told it the order was ready to be picked up. Plaintiff prepared the shipping documents which did not designate a destination for the goods. The shipping papers were signed and received by Royal. Again, as was their custom, the telephoned purchase order was confirmed by a writing executed by Home, directed to plaintiff, and entitled "Request for Release." The request was signed by defendant's agent and recited "please release the following to Royal Trucking Company," and set forth the quantity and type of goods being purchased. It is significant that the request contained no instructions as to where the goods were to be delivered. The trucking cost was either totally or partly paid by plaintiff. On May 11, 1973 the goods in question were allegedly hijacked while in the possession of Royal en route to a destination designated by defendant.
Thus, the narrow issue presented to the trial judge was whether plaintiff or defendant should bear the loss. The trial judge, in his letter opinion of April 5, 1976, stated that the *288 responsibility for the loss was "not easily discernible." However, he premised his finding in favor of defendant upon a letter written by plaintiff to defendant after the alleged hijacking, stating:
 September 7, 1973
 Home Liquors
 773 South Orange Avenue
 Newark, N.J.

Attention: Mr. Eddy Fisher
Dear Eddy,
Starting today, our prices for your products will be regarded as F.O.B. our plant at Clifton.
This will mean that you decide about the way you want the goods transported to your stores, at your cost and risk.
We will lower your prices with 15 cents per case, being the amount previously paid by us for part of the trucking cost.
 Yours truly,
 The Black Prince Distillery, Inc.
 /s/ Jack C. van Caulil
 Jack C. van Caulil
 Vice President
This letter led the trial judge "to infer" that such had always been the parties' arrangement, namely, that plaintiff was required to make delivery "to defendant's locations"; hence, plaintiff must bear the loss resulting from the theft. We disagree and reverse.
In arriving at his decision the trial judge disregarded the course of dealings between the parties that had existed for many years. The proofs clearly indicated that we are here dealing with a "shipping" contract as distinguished from a "delivery" contract. In the former case title passes when the goods are turned over to the carrier; in the latter case title passes on delivery to and receipt by the buyer. In the former case risk of loss while the goods are in transit is on the buyer; in the latter case risk of loss while the goods are in transit is on the seller.
In the instant case the parties made no specific agreement as to when title was to pass. Both the order form prepared by plaintiff and the request for release prepared and signed *289 by defendant do not indicate a point of delivery. In fact, the request for release directed plaintiff to turn the goods over to Royal with no further instructions. Under these circumstances the transaction here involved is controlled by the applicable provisions of the Uniform Commercial Code, N.J.S.A. 12A:2-101 et seq. In particular, N.J.S.A. 12A:2-509(1) provides:

12A:2-509 Risk of Loss in the Absence of Breach.
(1) Where the contract requires or authorizes the seller to ship the goods by carrier
(a) if it does not require him to deliver them at a particular destination, the risk of loss passes to the buyer when the goods are duly delivered to the carrier even though the shipment is under reservation (12A:2-505); but
(b) if it does require him to deliver them at a particular destination and the goods are there duly tendered while in the possession of the carrier, the risk of loss passes to the buyer when the goods are there duly so tendered as to enable the buyer to take delivery.
Plaintiff's letter of September 7, 1973 should not have been interpreted by the trial judge so as to make the prior arrangements of the parties a "delivery" rather than a "shipment" agreement. It could just as readily be interpreted to mean that thereafter the letter was to memorialize what had always been their arrangement.
We conclude from the testimony that Royal acted as the receiving agent for defendant on May 11, 1973. It received the bulk shipment from plaintiff for defendant, and thereafter was supposed to deliver the goods to the individual stores owned by defendant, or as otherwise directed by defendant. Hence, title passed when plaintiff turned the goods over to Royal, from which point the risk of loss was on defendant. See Note, "Risk of Loss Under Section 2509 of the California Uniform Commercial Code," 20 U.C.L.A.L. Rev. 1352, 1356 (1973); Dana Debs, Inc. v. Lady Rose Stores, Inc., 65 Misc.2d 697, 319 N.Y.S.2d 111 (Civ. Ct. 1970); Ninth St. East Ltd. v. Harrison, 5 Conn. Cir. 597, 259 A.2d 772 (Cir. Ct. 1968); N.J.S.A. 12A:2-503, comment 5, which *290 supports our view even though the shipping cost was paid by the seller.
Accordingly, the judgment below is reversed and remanded for entry of judgment in favor of plaintiff and against defendant for the sum claimed in the complaint, with interest and costs.