[No. 22676-2-I.   Division One.   March 19, 1990.]

MATSUSHITA ELECTRIC CORPORATION OF AMERICA, *Appellant*, v. ROBERT SALOPEK, *Respondent*.

*John D. Alkire, Joseph E. Bringman,* and *Perkins Coie,* for appellant.

*Greg Home, Howard R. Morrill,* and *Bundy, Meyer & Home,* for respondent.

SCHOLFIELD, J.—Matsushita Electric Corporation of America appeals from a judgment entered on June 29, 1988, in its favor. Respondent Salopek cross–appeals. Both

appeals dispute the trial court's application of a personal guaranty.

Matsushita does business as Panasonic. Respondent Salopek was president of Security Express, Inc., which began purchasing products from Panasonic in 1981. That relationship changed in 1983 or 1984 when Security became a dealer/distributor of Panasonic's products. Panasonic extended credit to Security on the basis of a letter of credit for $20,000, which expired on April 4, 1985. After expiration of the letter of credit, Salopek agreed to sign a written personal guaranty of the obligations of Security. Salopek amended the document by writing "valid through 10/1/85" at the top and then signed the document on April 30, 1985. Exhibit 1. The parties agree that the guaranty was only valid through October 1, 1985. The record shows that Security placed six orders before October 1, 1985, three having been placed on September 30, 1985. It made payments before October 1 of $11,600 and $3,550.50 and payments after October 1 of $12,753.69, $9,209.70, and $16,902. The payments of $12,753.69 and $9,209.70 matched invoices dated October 30, 1985, and November 6, 1985.

The credit arrangements for transactions after October 1, 1985, are disputed. The credit manager for Panasonic testified that after that date, Security was on a cash–in–advance basis, which meant that Panasonic would ship the goods only after it received a check for the amount of the invoice. Salopek testified that Security would make an advance payment only if its credit limit of $20,000 was exceeded by the amount of the order. Security was unable to pay the amount owing on the account with Panasonic, and Panasonic brought suit against Salopek in his individual capacity to enforce the written guaranty.

The issues at trial were whether the guaranty applied to orders placed before, but received after, October 1, 1985, and whether all the payments made by Security after October 1, 1985, should be credited to orders placed before October 1, 1985.

At the conclusion of the trial, the court gave an oral judgment to Panasonic for the entire balance of the account, which included the September 30 orders. Thereafter, counsel for Salopek submitted additional argument and evidence by letter, and the trial court apparently changed its mind. The trial court entered judgment against Salopek for the total amount of the three orders placed prior to September 30, 1985, less payments of $11,600, $3,550.50 and $16,902, plus interest, and $2,000 for attorney's fees. Both parties appealed the judgment.

## MOTION FOR RECONSIDERATION

As a preliminary matter, Panasonic assigns error to the trial court's reconsideration of its oral judgment after receiving a letter from Salopek's counsel. It contends that the letter was untimely and not in the proper form for a motion. Salopek answers that the letter was in response to the trial court's invitation for further argument and that Panasonic waived objection to the letter.

■ RAP 2.5(a) allows an appellate court to "refuse to review any claim of error which was not raised in the trial court." *Wilson v. Steinbach*, 98 Wn.2d 434, 440, 656 P.2d 1030 (1982). There is no record of objection in the trial court to the letter; therefore, we need not consider Panasonic's claim. In any event, Panasonic has not demonstrated prejudice resulting from Salopek's failure to comply with the technical requirements for the form of a motion for reconsideration. *See Colorado Nat'l Bank v. Merlino*, 35 Wn. App. 610, 615, 668 P.2d 1304, *review denied*, 100 Wn.2d 1032 (1983). The letter was dated June 22, 1988, and presentation of findings of fact and entry of the judgment occurred on June 29, 1988. Panasonic had the opportunity to present its opposition to the letter or to request a continuance. The record discloses no pleadings or letters in opposition or for continuance.

## SCOPE OF PERSONAL GUARANTY

Panasonic's assignments of error pertain to the trial court's determination that the personal guaranty signed by

Salopek did not apply to invoices which were issued on September 30, 1985. Panasonic contends that the obligation to pay the September 30 invoices arose on September 28, 1985, when the goods were delivered to the shipper under the invoices which provided F.O.B. warehouse. Therefore, since the obligation arose before the expiration date of the guaranty document, Panasonic argues that Salopek is liable for an additional $15,629.70. Salopek contends that the guaranty only applied to payments which were due before October 1 and that payment was not due until the goods ordered on September 30 were received and inspected.

The guaranty document at issue, which was valid through October 1, 1985, provides in pertinent part:

> 1. The undersigned hereby absolutely and unconditionally guarantees to PANASONIC, its successors and assigns, the full and prompt payment to PANASONIC when due, or upon demand thereafter, of any and all indebtedness, obligations, and liabilities of DEBTOR to PANASONIC of whatever nature, whether originating in transactions between PANASONIC and DEBTOR or assigned or transferred to PANASONIC, whether now existing or hereafter incurred, and whether absolute 'or contingent, including but not limited to every account, note, check, bill of exchange, draft, trade acceptance, loan, advance, discount or any other instrument or evidence of indebtedness (hereinafter called "Obligations") in connection with which DEBTOR either as maker, drawer, guarantor, indorser, obligor or otherwise, directly or contingently, is now or may become liable to PANASONIC, together with interest said Obligations may now or hereafter bear.

Exhibit 1.

When did Security become liable to Panasonic on shipments made before October 1, 1985, but received after that date? The opinion in *Fancher Cattle Co. v. Cascade Packing, Inc.,* 26 Wn. App. 407, 613 P.2d 178 (1980) recites various rules on reviewing a guaranty contract. Where the language of the guaranty is not ambiguous, a reviewing court may not resort to other evidence to determine the intent of the parties, but must ascertain their intent from the instrument itself. *Fancher Cattle,* at 409. A guarantor is not to be held liable beyond the express terms of his or her engagement. If there is a question of meaning, the guaranty

is construed against the party who drew it up or against the party benefited. *Fancher Cattle,* at 410; *Fischler v. Nicklin,* 51 Wn.2d 518, 523, 319 P.2d 1098 (1958).

We review a guaranty for ambiguity as a question of law, not a question of fact. *Fancher Cattle,* at 409. Accordingly, we have determined that the operative words of the guaranty are not ambiguous. Salopek guaranteed "the full and prompt payment to PANASONIC *when due,* or upon demand thereafter, of any and all indebtedness, obligations, and liabilities of DEBTOR to PANASONIC of whatever nature". (Italics ours.) Exhibit 1, in part. Because the September 30 invoices were F.O.B. warehouse, delivery occurred at the Panasonic warehouse, which was the point of shipment. *Valley Fruit Co. v. United States Fid. & Guar. Co.,* 161 Wash. 166, 296 P. 557 (1931); *Dana Debs, Inc. v. Lady Rose Stores, Inc.,* 65 Misc. 2d 697, 319 N.Y.S.2d 111 (1970); 1 J. White & R. Summers, *Uniform Commercial Code* § 3–5, at 144 (3d ed. 1988). The items covered by the September 30 invoices were shipped on September 28. Tender of the goods to the shipper at the warehouse entitled Panasonic to acceptance of the goods and "to payment according to the contract." RCW 62A.2–507(1). Although, because of the credit arrangement, payment was not due at the time the goods were placed into the hands of the shipper, the obligation to pay arose at that time. This conclusion is consistent with another commercial rule that the risk of loss of the goods and title to the goods pass to the buyer when the goods are delivered to the carrier. RCW 62A.2–401(2); 3 R. Anderson, *Uniform Commercial Code* § 2–319:12 (3d ed. 1983). Since Security's obligation to pay the invoices arose during the term of the guaranty, Salopek was obligated by the terms of the guaranty to pay that obligation when it became due.

In his cross appeal, Salopek assigns error to the trial court's admission and consideration of exhibit 14. That exhibit, which summarized 21 transactions on the Security account, was admitted on the basis that the credit manager for Panasonic had testified to its accuracy and that it

assisted the court. Salopek contends the exhibit was not properly admitted as a business record or under ER 1006 as a summary. Panasonic contends exhibit 14 was properly admitted as a summary and that Salopek's failure to object to its admission on that basis prevents his arguing the issue on appeal.

ER 1006 provides in pertinent part:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.

Exhibit 14 purports to summarize 21 transactions. ER 1006 requires that the summarized materials be voluminous and that the in–court examination of these be inconvenient. Although at the time the trial court admitted the exhibit only some of the summarized invoices and payments had been admitted, it would be difficult to conclude that the summarized materials were voluminous and in–court examination would have been inconvenient. However, exhibit 14 is not so much a summary, which takes the place of the information summarized, as it is a piece of demonstrative evidence in the nature of a graph. For example, in *McCartney v. Old Line Life Ins. Co. of Am.,* 3 Wn. App. 92, 472 P.2d 581 (1970), the Court of Appeals held the trial court did not abuse its discretion by admitting an exhibit which summarized various items of medical information and assisted the jury in better understanding the evidence. *See Department of Fisheries v. Gillette,* 27 Wn. App. 815, 826, 621 P.2d 764 (1980) (illustrative exhibit admitted and jury instructed on its limited purpose); 5 K. Tegland, Wash. Prac., *Evidence* § 95(8), at 314–16 (1989); *but see Owens v. Seattle,* 49 Wn.2d 187, 299 P.2d 560, 61 A.L.R.2d 417 (1956) (Washington Supreme Court held that a graph and map which had been prepared for trial had been improperly admitted as substantive evidence because of a lack of preliminary testimony as to the accuracy of the data upon which the exhibits were based). Since the exhibit accurately

demonstrated the facts established by testimony of Panasonic's credit manager, the trial court did not abuse its discretion in admitting the exhibit for illustrative purposes.

## APPLICATION OF PAYMENTS

Salopek's final assignment of error pertains to the trial court's refusal to apply payments received on October 30, 1985, and November 6, 1985, to the balance owing on the account.[1] Salopek contends that Panasonic has no claim against him under the guaranty document because the payments made by Security on October 30 and November 6 satisfied all obligations which were due on or before October 1. He claims that Panasonic routinely applied payments made by Security to the oldest obligation then due and that the law requires payments to be credited to the oldest accounts. Panasonic contends that the trial court resolved the factual dispute as to whether payments made on October 30 and November 6 were to be applied to the contemporaneous invoices or to the outstanding balance. It contends that there is substantial evidence to support the trial court's findings on the amount owing which does not include credit for these payments.

The trial court did not enter findings on the treatment of the payments made by Security. However, by entering a judgment for $7,641.10 plus interest, the trial court did not apply the October 30 and November 6 payments to the oldest obligations owing.

> It is the general rule that, where a principal owes more than one obligation to a creditor and makes payments out of his own funds, in the absence of agreement or special equities, the creditor is bound to apply the payments in accordance with the principal's directions, and if there are no directions, he may apply the payments as he sees fit.
>
> These authorities further state that where the principal has given no directions and the creditor has not credited the payment to any particular debt, some courts will apply the payment so as to give the creditor the best security; others will

---

[1]Because we apply the guaranty to the September 30 invoices, we necessarily apply the November 13, 1985, payment of $16,902 to the balance of the Security account.

apply it to the oldest debt; and others have said that it should be applied in accordance with the intent of the parties as ascertained from the surrounding circumstances.

(Citations omitted.) *Warren v. Washington Trust Bank,* 92 Wn.2d 381, 384–85, 598 P.2d 701 (1979). In *Yancovich v. Cavanaugh Lumber Co.,* 20 Wn. App. 347, 581 P.2d 1057 (1978), a contractor made several payments to a supplier without direction. The supplier credited them to the contractor's open running account, rather than to individual job accounts. In fact, no payments had ever applied to extinguish accounts on a specific job–by–job basis. Therefore, the trial court's application of the contractor's payments to the oldest item on the account was affirmed. That application extinguished the homeowner's debt and defeated a materialmen's lien by the supplier. Unlike *Yancovich,* in the case at bar there is substantial evidence to support the trial court's treatment of the payments made on October 30, 1985, and November 6, 1985, as payments on the invoices dated October 30, 1985, and November 6, 1985, respectively. Panasonic's credit manager testified after October 1, 1985, Security was required to pay on the invoice before the goods were shipped. The trial court's treatment of these two payments was proper.

Panasonic has made a proper request for attorney's fees for the appeal. The guaranty document allows for such awards. We therefore award attorney's fees to Panasonic of $7,500.

The judgment is hereby modified to increase the amount of the principal recovery to $23,270.80. The award of attorney's fees and costs is affirmed. The case is remanded to the trial court for a commensurate award of interest and entry of judgment in accordance with this opinion.

SWANSON and FORREST, JJ., concur.

Review denied at 114 Wn.2d 1029 (1990).